STATE v. BALIS HENDERSON.

In an indictment for murder, the assault is charged to have been made on one "N. S. Jarrett," and in subsequent parts of the indictment he is described as "Nimrod S. Jarrett": *Held*, to be no variance.

The Supreme Court has recognized, since the adoption of the new Constitution, a Court of Oyer and Terminer, as a Superior Court. And there is nothing in the Code of Civil Procedure which repeals the acts under which Courts of Oyer and Terminer are held.

INDICTMENT, charging the defendant with the MURDER of one Nimrod S. Jarrett, tried before *Henry, J.,* at a Court of Oyer and Terminer, under special commission, third Monday of December, 1872, in JACKSON county, to which county it had been regularly removed from the county of Macon.

The jury found "the defendant, the prisoner at the bar, guilty of the felony and murder of which he stands charged in the bill of indictment"; whereupon, his, the prisoner's, counsel moved to arrest the judgment, upon the ground that the assault is alleged in the bill of indictment to have been committed on one N. S. Jarrett, and that Nimrod S. Jarrett is the person charged to have been murdered. This motion, his Honor overruled. The case states, that after sentence, the prisoner moved for a new trial, basing the motion upon his affidavit, in which it is stated, "that since the trial he has discovered evidence that would have been material and important to him," &c., "and that his counsel did not advise him of its materiality." His Honor likewise overruled this motion, and the prisoner appealed.

No counsel for prisoner in this Court.
*Attorney General Hargrove,* for the State.

SETTLE, J. In the bill of indictment against the prisoner for murder, the assault is charged to have been made upon " one N. S. Jarrett." In all the subsequent parts of

the bill the deceased is described as "the said Nimrod S. Jarrett." After verdict, the prisoner's counsel moved in arrest of judgment for the variance in the name of the person assaulted and the person murdered.

In *State* v. *Angel*, 7 Ired. 27, the Court say, the purpose of setting forth the name of the person who is the subject on which an offence is committed, is to identify the particular fact or transaction, on which the indictment is founded, so that the accused may have the benefit of one acquittal or conviction if accused a second time. The name is generally required as the best mode of describing the person; but he may be described otherwise, as by his calling or the like, if he be identified thereby, as the individual and distinguished from all others. And if the name be unknown, the fact may be stated as an excuse for omitting it altogether. In that case there was no variance in the name of the deceased apparent on the record; but the proof was, that " Robert B. Roberts," the deceased, was as well known by the appellations, " Robert Burton," and " Burt," as by the name set forth in the bill of indictment, and the Court say the jury might therefore be well warranted in treating these, not as different names, but as different modes of calling the same name, for there could be no difficulty imposed on the prisoner in pleading former acquittal or conviction; for by proper averments that the Robert B. Roberts mentioned in the indictment is one and the same person as the " Robert Burton Roberts," or " Burt Roberts," mentioned in the other, he could readily show the truth of the case. So in the case before us, the prisoner if indicted a second time, could plead former acquittal or conviction, and by proper averments, shew the truth of the matter, and thus avail himself of all the purposes of setting forth the name of the injured person. In *State* v. *Upton*, 1 Dev. 513, it is said the misspelling of the name is immaterial, since it appears throughout the indictment, to be the same person.

The Anny murdered, is "the said Anne," upon whom the felonious assault was made. In our case, the N. S. Jarrett assaulted is referred to throughout the bill as "the said Nimrod S. Jarrett." We are well aware that the English authorities have not gone to this extent.

But all doubts that may arise upon conflicting authorities are met and removed by the enactment in our Revised Code, ch. 35, sec. 14, which declares that no judgment shall be stayed "by reason of any informaility or refinement, if in the bill or proceeding sufficient matter appears to enable the Court to proceed to judgment."

It would appear to be a nice refinement to arrest a judgment for an informality in setting forth the name of the person injured, since it is a common practice with most persons to write their christian names sometimes in full and sometimes by the initials only.

This disposes of the only question raised by the prisoner on his trial in the Superior Court, but we have carefully examined the law to ascertain if the Court which tried him was properly and legally constituted.

This Court has recognized, since the adoption of our new Constitution, a Court of Oyer and Terminer as a Superior Court. State v. Baker, 63 N. C. Rep. 276. And there is nothing in the Code of Civil Procedure which repeals the acts under which Courts of Oyer and Terminer are held. In Baker's case the record set forth the authority under which the Judge held the Court, but that was said to be unnecessary, because prima facie, at least, when a Judge of a Superior Court holds a Court, it is to be taken that he is authorized to do so, and that it is in all things regular. In this case the Governor issued a commission to Judge Henry, authorizing him to hold a Court of Oyer and Terminer in the County of Macon. He proceeded to hold the Court in Macon, when the prisoner, on affidavit, asked for the removal of his case, and it was removed to the County of

Jackson. Judge Henry then proceeded to the County of Jackson, after proper notice to the county authorities, and held the Court, at which the prisoner was convicted. This action, though novel, is fully authorized by the Act of the General Assembly, ratified the 23d day of December, 1864. This Act requires, in express terms, that the transcript of the record shall set out and contain a copy of the Judge's commission. In the case before us this was done, and the record contains no error of which the prisoner can take advantage.

Let this opinion be certified, &c.

PER CURIAM.                    Judgment affirmed.