STATE *v.* JOHN BRITE.

Where A and B are jointly indicted for larceny, the declarations of B are competent evidence against himself; and the fact that these declarations tend to convict A. does not affect their admissibility.

Although the offence of receiving stolen goods is declared to be a misdemeanor by sec. 55, chap. 32, Bat. Rev., the effect of secs. 25 and 29 of the same chapter is, to authorise the Court to punish the offence in the same manner as larceny is punished; that is, by confinement in the States' prison or county jail for not less than four months, nor more than ten years.

In an indictment for larceny. a third person may be described by any particulars which furnish sufficient identification; and initials are a sufficient designation of the christian name.

(*State* v. *Henderson*, 68 N. C. Rep. 348, cited and approved.)

INDICTMENT for *Larceny*, tried before *Eure, J.*, at Spring Term, 1875, PASQUOTANK Superior Court.

The indictment charged the defendant with stealing two coats, the property of one S. S. Fowler, and also it contained a count charging him with receiving the coats knowing them to have been stolen.

The State introduced S. S. Fowler as a witness, who testified that the defendant went to his house twice on the day of the alleged larceny, in company with one Culpepper who was jointly indicted with defendant. The last time they went into

the store, Culpepper carried with him a small bag, and Brite made some purchases and told Culpepper to put them in the bag. Culpepper was at the time standing near the counter where the coats were. They then left the store together. Fowler suspecting the parties, pursued them within a few minutes, and found the bag and goods in the possession of Culpepper. Upon examination, he found one of the coats in the bag, but did not at the time make a thorough search. Culpepper looked at Brite and said, "We can raise five dollars, wont that settle it?" Brite at the same time declared his innocence. The coat was taken out of the bag, and Culpepper taken into custody. The bag and contents was then given to Brite by Fowler, and Brite started home. Shortly afterward Fowler went in pursuit of Brite, found him with the bag, and upon examination found another coat in the bag. Brite at the time declaring that he knew nothing of the coat, and that he had paid for all the goods he purchased of Fowler.

The State then offered Culpepper as a witness against Brite, and refused to place Brite on the stand as a witness against Culpepper.

The defendant Culpepper then offered to prove by Frank Eason and Job White, (colored,) that the defendant Brite while in jail admitted to them that he alone was the guilty party, and that Culpepper was innocent, having had nothing to do with taking the coats.

To this testimony the defendant Brite objected, the Court overruled the objection, and Brite excepted.

Brite introduced many witnesses, all of whom testified to his good character.

His Honor charged the jury that they could find one defendant guilty and acquit the other, or they could convict both of the larceny, or one of the larceny and the other of receiving stolen goods knowing them to have been stolen.

The defendant Brite excepted to the charge of his Honor.

The jury returned a verdict of guilty of larceny as to Culpepper, and guilty of receiving as to Brite.

Brite then moved for a new trial, the motion was overruled, and defendant sentenced to the State penitentiary for four years.

From this judgment defendant appealed.

*Busbee & Busbee,* for the prisoner.
*Hargrove, Attorney General,* for the State.

SETTLE, J.   The defendant's first exception is that his Honor allowed Culpepper, a co-defendant, to introduce witnesses to prove his (Brite's) declarations while in jail, which tended to exonerate Culpepper.

While these declarations are not evidence, either for or against Culpepper, being, as to him, *res inter alias acta ;* and made by one not under oath, and subject to cross examination, yet they are clearly admissible against Brite, and it makes no difference whether they were called forth by the State, or by Culpepper, without objection, or rather with the sanction of the State.

Such appears to have been the view taken by the Court and followed by the jury, for both Culpepper and Brite were convicted, one of larceny, and the other of receiving stolen goods, knowing them to have been stolen.

After the judgment of the Court sentencing the defendant Brite to the State's prison for four years, he made the further exception that " receiving stolen goods is by law a misdemeanor only, that misdemeanors are not infamous offences, that the Court can only sentence to the penitentiary for infamous offences, and that this was not a case of much aggravation, nor was he a hardened offender, the testimony showing him to be a man of good character."   It is true that the receiving of stolen goods, knowing them to have been stolen, &c., is declared in Bat. Rev., chap. 32, sec. 55, to be a misdemeanor ; but it is enacted by the same section that on conviction, "such receiver shall be punished as one convicted of larceny."   And the effect of sections 25 and 29 of the same chapter is to au-

thorize the Court to punish the offence of larceny by confinement in the State's prison, or county jail, for not less than four months nor more than ten years, in the discretion of the Court, according to the aggravation of the case, or 'the character of the offender.

In this Court the defendant's counsel moves to arrest the judgment for that the indictment charges the goods stolen to be the property of S. S. Fowler, whereas the full christian name of Fowler should have been set forth.

How does it appear that the letters S. S., which are said by the counsel to be initials, is not the full name of baptism? There is not the slightest intimation in the record that there was any proof to the contrary, or that S. S. was not Fowler's full christian name.

But admitting S. S. to be merely initials, a third person may be described by any particulars which furnish sufficient identification ; and " initials, it seems, are a sufficient designation of the christian name, and at all events cannot be excepted to after verdict.". Whart. Cr. L., §255.

*State* v. *Henderson*, 68 N. C., 348, and authorities there cited.

Let it be certified that there is no error.

PER CURIAM. Judgment affirmed.