## STATE v. HALLIE SCOTT.

(Filed 25 March, 1953.)

**1. Crinminal Law §§ 56, 67a—**

Motion for arrest of judgment for defect appearing upon the face of the record proper may be made in the Supreme Court on appeal, and even in the absence of such motion, the Supreme Court will examine the whole record and arrest the judgment *ex mero motu* for such defect.

**2. Criminal Law § 56—**

A motion for arrest of judgment must be based upon matter appearing in the record, or upon an omission from the record of some matter which should appear therein.

**3. Same: Indictment and Warrant § 9—**

The indictment charged defendant with assault upon "George Rogers" in one place and upon "George Sanders" in another. *Held:* The indictment on its face is void, and the judgment is arrested, vacating the verdict and sentence entered thereon.

APPEAL by defendant from *Sharp, Special Judge,* at September Term, 1952, of CRAVEN.

Criminal prosecution upon a bill of indictment properly found by the grand jury at the September Term, 1952, of the Superior Court charging that the defendant Hallie Scott, on 19 July, 1952, did unlawfully, willfully and feloniously assault George Rogers with a deadly weapon, to wit, a pistol, with felonious intent to kill and murder the said George Sanders, inflicting serious injuries not resulting in death upon the said George Sanders. On the back of the bill of indictment George Rogers was listed

as a State's witness.  The name of George Sanders does not appear on the back of the bill of indictment as a State's witness.

The defendant entered a plea of not guilty, and upon trial the jury returned for their verdict that the defendant is guilty of an assault with a deadly weapon.  The court sentenced the defendant to serve 18 months upon the public roads.  The defendant assigned as error the action of the court in entering the above judgment.  The record proper was filed in this Court, but there is no statement of the case on appeal, nor any brief for the defendant.  In this Court the defendant moves in arrest of judgment on the ground that the indictment is void.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

PARKER, J.  It is well settled that a motion for the arrest of a judgment of the Superior Court in a criminal action tried in that court may be made in the Supreme Court.  It is the duty of this Court to examine the whole record, and if it sees that the judgment should be arrested, it will *ex mero motu* direct that it be done.  The motion must be based upon matter appearing in the record, or upon an omission from the record of some matter which should appear therein.  *S. v. Baxter,* 208 N.C. 90, 179 S.E. 450; *S. v. Dilliard,* 223 N.C. 446, 27 S.E. 2d 85; *S. v. McKeon,* 223 N.C. 404, 26 S.E. 2d 914; *S. v. Johnson,* 226 N.C. 266, 37 S.E. 2d 678; *S. v. Foster,* 228 N.C. 72, 44 S.E. 2d 447.  A valid indictment is an essential of jurisdiction.  *S. v. Morgan,* 226 N.C. 414, 38 S.E. 2d 166; *S. v. Jones,* 227 N.C. 94, 40 S.E. 2d 700.

At common law it is of vital importance that the name of the person against whom the offense was directed be stated with exactitude.  27 Am. Jur., Indictments and Informations, Sec. 80, and cases cited.  "A variance . . . in the name of the person aggrieved is much more serious than a mistake in the name . . . of the defendant, as the latter can only be taken advantage of by the plea in abatement, while the former will be ground for arresting the judgment when the error appears on the record, or for acquittal, when a variance arises on the trial."  Wharton's Criminal Procedure, 10th Ed., Vol. 1, Indictment, Sec. 158.

In *S. v. Henderson,* 68 N.C. 348, the victim was described in the indictment as N. S. Jarrett and also as Nimrod S. Jarrett.  The Court stated in that case that this was an informality in setting forth the name of the person injured, since it is a common practice with most persons to write their Christian names sometimes in full and sometimes by the initials only.  The Court further stated "we are well aware that the English authorities have not gone to this extent."  This case is clearly not in point. *Ruffin, C. J.,* says for the Court in *S. v. Angel,* 29 N.C. 27: "The pur-

pose of setting forth the name of the person who is the subject on which an offense is committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have the benefit of one acquittal or conviction if accused a second time."

The indictment in the instant case charges the victim of the assault in one place as George Rogers, and in another place as George Sanders. If this conviction were allowed to stand, and if the defendant was indicted and tried thereafter for an assault upon George Rogers or George Sanders, he could not have the benefit of the conviction on this indictment because it does not state with exactitude the victim.

The indictment on its face is void, and the judgment is arrested. The legal effect of arresting the judgment is to vacate the verdict and sentence of imprisonment below, and the State may proceed against the defendant upon a sufficient bill of indictment. *S. v. Sherrill,* 82 N.C. 695.

Judgment arrested.