DILLON, Judge.
 

 *367
 
 David Joe Shuler ("Defendant") appeals from a judgment finding him guilty of statutory sex offense and petitions this Court for review of subsequent orders requiring him to register as a sex offender and prohibiting contact with the victims. Because we conclude that the indictment was facially defective, we vacate the judgment and orders.
 

 *738
 
 I. Background
 

 In March 2015, Defendant was indicted in two separate indictments for statutory rape of a person who is thirteen (13), fourteen (14), or fifteen (15) years old.
 
 [1]
 

 N.C. Gen. Stat. § 14-27
 
 .7A(b) (2015).
 
 [2]
 

 Defendant was tried for both crimes by a jury. At the close of the State's evidence, the trial court dismissed one of the offenses on Defendant's motion. The jury found Defendant guilty of the remaining offense. Defendant was sentenced to a term of imprisonment and was required to register as a sex offender. The court also issued a no-contact order.
 

 Defendant gave oral notice of appeal in open court and filed a petition for writ of certiorari seeking review of the trial court's order requiring him to register as a sex offender and prohibiting contact with the victims.
 

 II. Analysis
 

 On appeal, Defendant argues that the indictment was facially invalid because it did not include the name of the victim.
 
 [3]
 
 Indeed, the indictment charging Defendant does not identify the victim by name, but identifies her merely as "Victim #1." For the reasons below, we agree with Defendant.
 

 An indictment purported to be invalid on its face may be challenged at any time.
 

 *368
 

 State v. Wallace
 
 ,
 
 351 N.C. 481
 
 , 503,
 
 528 S.E.2d 326
 
 , 341 (2000). The facial validity of an indictment is reviewed
 
 de novo
 
 .
 
 See
 

 State v. Sturdivant
 
 ,
 
 304 N.C. 293
 
 , 307-11,
 
 283 S.E.2d 719
 
 , 729-31 (1981).
 

 Our General Statutes compel us to conclude that the indictment in the present case is fatally defective. Specifically, "[a]t common law it [was] of vital importance that the name of the person against whom the offense was directed be stated with exactitude."
 
 State v. Scott
 
 ,
 
 237 N.C. 432
 
 , 433,
 
 75 S.E.2d 154
 
 , 155 (1953). As our Supreme Court explained:
 

 The purpose of setting forth the name of the person who is the subject on which an offense is committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have the benefit of one acquittal or conviction if accused a second time.
 

 Id.
 
 at 433-34,
 
 75 S.E.2d at 155
 
 (quoting
 
 State v. Angel
 
 ,
 
 29 N.C. 27
 
 , 29 (1846) ). This common law requirement that the victim be named has not been relaxed for prosecutions under Section 14-27.7A(b) of our General Statutes, the crime for which Defendant was convicted. Specifically, our General Assembly requires that an indictment charging this crime must "nam[e] the victim."
 
 N.C. Gen. Stat. § 15-144.2
 
 (a) (2015).
 

 Likewise, our jurisprudence compels us to conclude that the indictment in the present case is fatally defective. Indeed, we have recognized that an indictment subject to Section 15-144.2(a) of our General Statutes must name the victim.
 
 State v. Dillard
 
 ,
 
 90 N.C. App. 318
 
 , 320,
 
 368 S.E.2d 442
 
 , 444 (1988) (holding that "for an indictment to be legally valid," it must allege "the victim's name");
 
 see also
 

 State v. Edwards
 
 ,
 
 305 N.C. 378
 
 , 380,
 
 289 S.E.2d 360
 
 , 362 (1982).
 

 The indictment need not include the victim's full name as we have held that the use of the victim's initials may satisfy the "naming" requirement of Section 15-144.2(a).
 
 State v. McKoy
 
 ,
 
 196 N.C. App. 650
 
 , 657-58,
 
 675 S.E.2d 406
 
 , 411-12 (2009). But an indictment which identifies the victim by some generic term is not sufficient. For instance, in distinguishing
 
 McKoy
 
 , we held that an indictment which merely referred to the victim as "the child" was fatally defective.
 
 In re M.S.
 
 ,
 
 199 N.C. App. 260
 
 , 262-67,
 
 681 S.E.2d 441
 
 , 443-46 (2009). Moreover, in a recent unpublished opinion, we held that a charging document identifying the victim merely as "the victim" was fatally defective.
 

 *739
 

 In re R.A.S.
 
 , COA16-805,
 
 2017 WL 900017
 
 , *3, 2017 N.C. App. LEXIS 157, **7 (N.C. App. Mar. 7, 2017) ("The petition did not include the victim's name, initials, or any other means of identifying the victim. By only referring to 'the victim[,]' the petition violates
 
 N.C. Gen. Stat. § 15-144.2
 
 (a) and is fatally defective.").
 

 *369
 
 We note another unpublished opinion cited by the State, where a panel of our Court held that a superseding indictment identifying the victim as "victim 1" was sufficient.
 
 State v. White
 
 , COA16-945,
 
 2017 WL 4638188
 
 , *2-5, 2017 N.C. App. LEXIS 888, *6-14 (N.C. App. Oct. 17, 2017). However, the holding was based in part on the fact that the original indictment, arrest warrant, and notice of dismissal all gave the full name of the victim.
 

 Id.
 

 (holding that even though the original indictment naming the victim was superseded by an indictment that listed the victim as "victim #1," the defendant had already received sufficient notice of the identity of the victim).
 

 We are not persuaded by the State's argument that the identification of the perpetrator in the indictment sufficiently apprised the Defendant of who the victim was in that the indictment identified the perpetrator of the sexual assault. As the State concedes, the Defendant was not present at the commission of the underlying crimes, but was only an alleged accessory before the fact. Also, in
 
 M.S.
 
 , cited above, the indictment identified the perpetrator as the person being charged and further described the date and location of the act for which he was being charged. And it seems likely that the defendant in that case subjectively knew the victim's identity. However, the charging document was nonetheless held to be defective for failing to identify the victim. Indeed, while one purpose of an indictment is to put the defendant on notice of the crime for which he is being charged, naming the victim satisfies another function of an indictment; namely, to guard against the possibility of double jeopardy.
 

 Therefore, based on our General Statutes and our jurisprudence, we must conclude that the indictment for "statutory rape of person 13, 14, or 15 years old" in 15CRS000121 is fatally defective. And since the indictment is fatally defective, the trial court did not have jurisdiction over Defendant.
 
 See
 

 State v. Simpson
 
 ,
 
 302 N.C. 613
 
 , 616,
 
 276 S.E.2d 361
 
 , 363 (1981) ("[A] valid bill of indictment is essential to the jurisdiction of the court[.]");
 
 accord
 

 State v. Stokes
 
 ,
 
 274 N.C. 409
 
 , 410-11,
 
 163 S.E.2d 770
 
 , 772 (1968) ("It is hornbook law that it is an essential of jurisdiction that a criminal offense should be sufficiently charged in a warrant or an indictment."). As such, we have no choice but to vacate the judgment against Defendant.
 
 Stokes
 
 ,
 
 274 N.C. at 415
 
 ,
 
 163 S.E.2d at 775
 
 .
 

 In concluding that the indictment in 15CRS000121 is fatally defective and thereby arresting the judgment against Defendant, Defendant's other assignments of error are moot.
 

 III. Conclusion
 

 We conclude that the indictment for "statutory rape of person 13, 14, or 15 years old" in 15CRS000121 is fatally defective by failing to include
 
 *370
 
 the name of the victim. Therefore, we vacate the judgment. If the State so desires, it may proceed against Defendant on a legally sufficient indictment.
 
 State v. Thornton
 
 ,
 
 251 N.C. 658
 
 , 662,
 
 111 S.E.2d 901
 
 , 904 (1960).
 

 VACATED.
 

 Judge BRYANT and ZACHARY concur.
 

 [1]
 

 Defendant was indicted as an
 
 accessory
 
 to statutory rape. However, in North Carolina, pursuant to Section 14-5.2 of our General Statutes, an accessory before the fact is punishable as a principal felon.
 
 N.C. Gen. Stat. § 14-5.2
 
 (2015).
 

 [2]
 

 Re-codified as
 
 N.C. Gen. Stat. § 14-27.25
 
 as of 1 December 2015.
 

 [3]
 

 Defendant makes other arguments on appeal; however, because of our resolution of his argument concerning the indictment, we need not address Defendant's other arguments.