MURPHY, Judge.
Defendant, Maurilio Jaimes, appeals his convictions of two counts of attempted murder. These convictions result from a violent altercation at a gas station on 25 July 2015, during which Defendant shot in the direction of Sergio Hernandez Jr. and Sergio Hernandez Sr. several times. At issue is the State's indictment, which listed the same victim for both counts of attempted murder and which the trial court allowed to be amended at the close of trial. After careful review, we hold Defendant's conviction for the attempted murder of Sergio Hernandez Jr. was based upon a fatally defective indictment and arrest judgment as to that charge.
BACKGROUND
The underlying incident in this case started when two cars arrived at a Quick Chek gas station. Sergio Hernandez Sr. was in one car, and Defendant, Maurilio Jaimes, was in a second car with Epitasio Jaimes ("Epitasio") and two other individuals. Prior to this encounter, Hernandez Sr. and Epitasio had been involved in an altercation in which a family member of Hernandez Sr. broke Epitasio's jaw. Upon seeing each other at the gas pump, Hernandez Sr. and Epitasio began arguing.
As the argument proceeded, Hernandez Sr.'s son, Sergio Hernandez Jr., arrived at the gas station, got out of his car, and joined in the confrontation. Hernandez Jr. uttered, by his own admission, "fighting words" to Epitasio and then threatened him. Defendant was observing this sequence of events from the back seat of Epitasio's car. Prior to the confrontation, Defendant did not know either Hernandez Jr. or Hernandez Sr.
At some point during the confrontation, Defendant took a gun located next to him in the backseat, exited the car, and fired several shots in the direction of the Hernandezes and their cars. Hernandez Jr. and Hernandez Sr. both dropped to the ground when they heard gunshots. After a minute or two, Epitasio and Defendant got back into the car and Defendant fired a second set of gunshots in Hernandez Sr.'s direction. One of those gunshots hit the occupied gas station. Defendant fired a total of fourteen shots while at the Quick Chek, and then fired six more straight up into the air from down the street after he and Epitasio had driven away.
Defendant was indicted on two identical counts of attempted first degree murder of Hernandez Sr. Both indictments stated that Defendant "unlawfully, willfully, and feloniously did with malice aforethought, premeditation, and deliberation, attempt to kill and murder SERGIO HERNANDEZ SR." A third indictment charged Defendant with discharging a firearm into occupied property.
After the close of all evidence at trial, the State moved to amend the indictment by changing the victim of the second attempted murder indictment to read "SERGIO HERNANDEZ JR." rather than "SERGIO HERNANDEZ SR." Over Defense Counsel's objection, the trial court granted the State's motion. At trial, the jury found Defendant guilty of all three charges.
Defendant timely appealed the verdict and argues the trial court erred in granting the State's motion to amend the indictment to change the victim's name from Hernandez Sr. to Hernandez Jr. Under the unique circumstances in this case, we vacate the judgment as to Defendant's conviction involving Sergio Hernandez Jr.
ANALYSIS
"It is well settled that 'a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony.' " State v. Abraham , 338 N.C. 315, 339, 451 S.E.2d 131, 143-44 (1994) (citing State v. Sturdivant , 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981) ). Additionally, "where it appears from the face of the indictment that the conviction and sentence are void, [our appellate courts] will, of [our] own motion, arrest judgment." State v. Call , 349 N.C. 382, 424, 508 S.E.2d 496, 522 (1998). Here, it is apparent from the face of the indictment that Defendant's conviction and sentence for the attempted murder of Hernandez Jr. are void and judgment must be arrested.
"A bill of indictment may not be amended. This court has interpreted prohibited amendments to mean any change in the indictment which would substantially alter the charge set forth in the indictment. A change in the name of the victim substantially alters the charge in the indictment." Abraham , 338 N.C. at 340, 451 S.E.2d at 144 (internal citations and quotation marks omitted). "Where an indictment charges the defendant with a crime against someone other than the actual victim, such a variance is fatal." Id. ; see also State v. Bell , 270 N.C. 25, 29, 153 S.E.2d 741, 744 (1967) (reversing the trial court's denial of the defendant's motion for nonsuit, explaining that " 'Jean' Rogers was the person robbed. The entire proof and the record is that the person robbed was 'Susan' Rogers"); State v. Scott , 237 N.C. 432, 434, 75 S.E.2d 154, 155-56 (1953) (holding an amendment to be substantial where the alleged victim was referred to as "George Rogers" and "George Sanders").
Here, the indictment charged Defendant with two counts of attempted murder and listed Hernandez Sr. as the victim for both. In reality, one of those charges should have listed Hernandez Jr. as the victim, and the State moved to amend its indictment accordingly at the close of evidence.
"Where the indictment and the proof are at variance, as is the case here, the trial court should dismiss the charge stemming from the flawed indictment and grant the State leave to secure a proper bill of indictment." Abraham , 338 N.C. at 341, 451 S.E.2d at 144. Here, rather than dismissing the charge for attempted murder of Hernandez Jr., the trial court denied Defendant's motion to dismiss and granted the State's motion to amend the indictment. However, "the trial court was without authority to allow the amendment." Id. at 340, 451 S.E.2d at 144. Because the indictment was fatally defective, we must arrest judgment as to Defendant's conviction for attempted murder of Hernandez Jr. "and remand this matter to the trial court for further proceedings consistent with our [Supreme Court's] holdings in [Abraham ,] Bell and Overman ." Id. at 341, 451 S.E.2d at 144.
CONCLUSION
It is apparent from the face of the indictment that Defendant's conviction and sentence for the attempted murder of Sergio Hernandez Jr. are void. We arrest judgment as to Defendant's conviction for the attempted murder of Hernandez Jr. and remand to the trial court for further proceedings consistent with the Supreme Court's holdings in Abraham and Bell . Defendant makes no argument as to his convictions for the attempted murder of Sergio Hernandez Sr. or discharging a weapon into occupied property. We deem his appeal of those convictions to be abandoned and dismiss the same.
JUDGMENT ARRESTED IN PART AND REMANDED; DISMISSED IN PART.
Report per Rule 30(e).
Judges STROUD and ZACHARY concur.