IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-595

Filed: 19 May 2020

Yadkin County No. 13 CRS 000060-62

STATE OF NORTH CAROLINA

v.

MARC PETERSON OLDROYD, Defendant.

Appeal by Defendant from order entered 9 March 2017 by Judge Michael D. Duncan in Yadkin County Superior Court. Heard in the Court of Appeals 3 March 2020.

*Attorney General Joshua H. Stein, by Assistant Attorney General Sherri H. Lawrence, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Emily Holmes Davis, for defendant-appellant.*

MURPHY, Judge.

Indictments must state all essential and necessary elements of an offense in order to bestow the trial court with jurisdiction. Armed robbery is a statutory enhancement of the common law offense of robbery, and under the common law robbery is a crime against the person. Indictments for crimes against the person must specifically state the name of the victim. As a result, an indictment for attempted armed robbery must name the victim, and failure to do so renders the indictment fatally defective. Where an indictment for attempted armed robbery is

fatally defective for failing to name any victim, we must vacate the judgment based upon that indictment. Further, where part of a plea agreement is repudiated, the entirety of the plea must be vacated.

Here, pursuant to a plea agreement, Defendant entered a guilty plea to a reduced charge of second-degree murder, attempted armed robbery, and conspiracy to commit armed robbery for which he received a consolidated sentenced of 120 to 153 months. Defendant later claimed, in his *Motion for Appropriate Relief*, that the indictment for attempted armed robbery was fatally defective in failing to name any victim. The trial court entered an order denying this claim, which we now reverse. Defendant's indictment for attempted armed robbery must have named a victim and was fatally defective in not doing so. We vacate the judgment for attempted armed robbery based on this indictment. Additionally, because the judgment entered on attempted armed robbery was pursuant to a plea agreement with the State, we vacate the entirety of the underlying plea agreement and remand to the trial court for further proceedings.

## BACKGROUND

On 5 October 1996, Defendant, Marc Peterson Oldroyd, along with Brian Whitaker ("Whitaker") and Scott Sica ("Sica"), planned to rob a Huddle House in Jonesville, using two weapons, a .9mm Beretta and a .357 Magnum. Whitaker and Sica used a stolen truck for the robbery while Defendant was waiting in a separate

get-away vehicle owned by Whitaker. Whitaker and Sica drove the stolen truck to the back entrance of the Huddle House and Sica, armed with a .9mm Beretta, attempted to enter via the back entrance. This entrance was locked so Whitaker and Sica left. At the time of Sica's attempted entrance, Defendant was in an adjacent parking lot where he could see Whitaker and Sica. Shortly after leaving, a police officer stopped Whitaker and Sica's vehicle on the highway, asked them to step out of the car, and was given permission to search the vehicle.

While Whitaker and Sica were pulled over, Defendant drove by them and circled back around. When it became clear the police officer was going to find the materials they planned to use for the robbery, Sica shot and killed the police officer. Defendant again drove by the location and saw there were now four police cars where Whitaker and Sica had been pulled over and Whitaker and Sica's vehicle was no longer there. Defendant then drove to a relative's apartment where Whitaker and Sica later joined him.

Sixteen years later, Defendant was indicted for first-degree murder, attempted armed robbery, and conspiracy to commit armed robbery. The indictment for attempted armed robbery with a dangerous weapon stated:

> The jurors for the State upon their oath present that on or about [5 October 1996] and in [Yadkin County] [Defendant] unlawfully, willfully and feloniously did attempt to steal, take and carry away another's personal property, United States currency, from the person and presence of employees of the Huddle House located at 1538 NC

> Highway 67, Jonesville, North Carolina. [Defendant] committed this act by having in possession and with the use and threatened use of a firearm, a 9mm handgun, whereby the life [sic] of the Huddle House employees was [sic] threatened and endangered.

On 2 June 2014, pursuant to a plea agreement with the State, Defendant pleaded guilty to a reduced charge of second-degree murder, attempted armed robbery, and conspiracy to commit armed robbery. Pursuant to the plea agreement, all three convictions were consolidated and Defendant was sentenced to an active term of 120 to 153 months.

On 9 June 2015, Defendant filed a motion for appropriate relief ("MAR") in which he argued, *inter alia*, that the indictment for attempted armed robbery with a dangerous weapon was "fatally flawed in that it does not name a victim." Defendant argued this flaw meant "the State failed to establish subject matter jurisdiction over all counts. If the court has no jurisdiction over the subject matter of the action, the judgment in the action is void." On 9 March 2017, the trial court found "as a matter of law there [were] no fatal defects in the indictments" and denied the MAR. On 26 November 2018, Defendant filed a petition for writ of certiorari requesting our review of the trial court's denial of his MAR. The State did not file a response. A panel of this Court issued a writ of certiorari for the limited "purpose of reviewing the conclusion [in the order denying Defendant's MAR] that 'there are no fatal defects in [Defendant's] indictments' in the order of [the trial court] entered 9 March 2017."

## ANALYSIS

## A. Standard of Review

"When a trial court's findings on a motion for appropriate relief are reviewed, these findings [of fact] are binding if they are supported by competent evidence and may be disturbed only upon a showing of manifest abuse of discretion. However, the trial court's conclusions [of law] are fully reviewable on appeal." *State v. Lutz*, 177 N.C. App. 140, 142, 628 S.E.2d 34, 35 (2006) (quoting *State v. Wilkins*, 131 N.C. App. 220, 223, 506 S.E.2d 274, 276 (1998)). We apply the law governing indictments to Defendant's indictment for attempted armed robbery "anew and freely substitute[] [our] own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (internal marks omitted).

Defendant argues the indictment for attempted armed robbery was defective and the trial court had no jurisdiction to enter the plea for this offense. "[W]here an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." *State v. Wallace,* 351 N.C. 481, 503, 528 S.E.2d 326, 341. "The sufficiency of an indictment is a question of law reviewed de novo." *State v. White*, 372 N.C. 248, 250, 827 S.E.2d 80, 82 (2019).

## B. Sufficiency of Indictments

Our Supreme Court has clearly outlined the requirements for a sufficient indictment:

> Generally, an indictment is fatally defective if it fails to state some essential and necessary element of the offense of which the defendant is found guilty. . . . While it is not the function of an indictment to bind the hands of the State with technical rules of pleading, . . . the indictment must fulfill its constitutional purposes—to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime[.]

*Id.* at 250-251, 827 S.E.2d at 82 (internal citations and marks omitted). The consequences of an invalid indictment are equally clear; an invalid indictment requires our Court to vacate any conviction based upon it. *Id.* at 250, 827 S.E.2d at 82.

Defendant challenges the sufficiency of his indictment for attempted armed robbery; thus, we must evaluate his indictment based on the essential and necessary elements of this offense. The essential and necessary elements of armed robbery are "(1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened." *State v. Ingram*, 160 N.C. App. 224, 226, 585 S.E.2d 253, 255 (2003), *aff'd,* 358 N.C. 147, 592 S.E.2d 687 (2004).

Defendant's indictment for attempted armed robbery contained the following language:

> The jurors for the State upon their oath present that on or about [5 October 1996] and in [Yadkin County] [Defendant]

- 6 -

> unlawfully, willfully and feloniously did attempt to steal, take and carry away another's personal property, United States currency, from the person and presence of employees of the Huddle House located at 1538 NC Highway 67, Jonesville, North Carolina. [Defendant] committed this act by having in possession and with the use and threatened use of a firearm, a 9mm handgun, whereby the life [sic] of the Huddle House *employees* was [sic] threatened and endangered.

(Emphasis added). The indictment alleges (1) an unlawful attempt to take money from the person and presence of the Huddle House employees, (2) with the use or threatened use of a .9mm handgun, (3) which threatened the lives of those *employees* and at first blush appears to cover all essential elements of attempted armed robbery.

Despite generally satisfying the essential elements, the issue in this case is the amount of specificity required when identifying victims in an indictment for attempted armed robbery in order to bestow jurisdiction on the trial court. Defendant argues the indictment must have included the actual names of the victims. The State disagrees and urges us to find the indictment reasonably identified the victims as "employees of the Huddle House" given that the date and location are provided. Based on binding precedent, we conclude the indictment was required to name a victim.

Attempted armed robbery is a crime against the person. N.C.G.S. § 14-87, which outlines the elements of armed robbery, falls within the subchapter titled "Offenses Against Property" and not "Offenses Against the Person." N.C.G.S. § 14-

87 (2019). However, despite seemingly being categorized by the legislature as a crime against property, we have held

> [N.C.G.S.] § 14-87 does not create a new crime, it merely increases the punishment which may be imposed for common law robbery where the perpetrator employs a weapon. . . . The focus of [N.C.G.S. § 14-87] then is not the creation of a new crime for commission of an offense with a firearm, but the punishment of a specific person who has committed a robbery which endangers a specific victim.

*State v. Gibbons*, 303 N.C. 484, 490, 279 S.E.2d 574, 578 (1981) (internal citations omitted). Common law robbery jurisprudence applies to statutory armed robbery.

"Common law robbery[] . . . is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. . . . *It is a crime against the person*, effectuated by violence or intimidation." *State v. Mann*, 317 N.C. 164, 172, 345 S.E.2d 365, 370 (1986) (emphasis added) (internal citations omitted). Armed robbery is equally a crime against the person, the only difference being the use of a firearm or other dangerous weapon. Given that an attempted crime is indistinguishable from a completed crime in terms of the subject of the crime, attempted armed robbery, armed robbery, and common law robbery are all crimes against the person. Characterizing attempted armed robbery as a crime against the person is consistent with our prior holdings on indictments. *See State v. Burroughs*, 147 N.C. App. 693, 696, 556 S.E.2d 339, 342 (2001) ("In an indictment for robbery with firearms or other dangerous weapons ([N.C.G.S. § 14-87]), the gist of the offense is not the taking of personal property, but

a taking or attempted taking by force or putting in fear by the use of firearms or other dangerous weapon. While an indictment for robbery (or attempted robbery) with a dangerous weapon need not allege actual legal ownership of property, the indictment must at least name a person who was in charge or in the presence of the property at the time of the robbery, if not the actual, legal owner.") (internal citations and marks omitted).

The logic underlying the requirement that crimes against the person must identify the victim by name in an indictment is longstanding; where the subject of a crime is a person, indictments should name that person "to identify clearly the crime being charged, thereby putting the accused on reasonable notice to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime." *State v. Sturdivant*, 304 N.C. 293, 311, 283 S.E.2d 719, 731 (1981) (citing *State v. Gregory*, 223 N.C. 415, 27 S.E. 2d 140 (1943)). *See also White*, 372 N.C. at 250-251, 827 S.E.2d at 82.

Our Supreme Court has held

> [i]t is of vital importance that the name of the person against whom the offense was directed be stated with exactitude. . . . The purpose of setting forth the name of the person who is the subject on which an offense is committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have the benefit of one acquittal or conviction if accused a second time.

*State v. Scott*, 237 N.C. 432, 433-434, 75 S.E.2d 154, 155 (1953). Although *Scott* was an assault case, both assault and armed robbery are crimes against the person and identifying that person with exactitude applies equally.

We have reaffirmed the importance of naming victims in indictments in the context of other crimes against the person. In *State v. McKoy*, 196 N.C. App. 650, 675 S.E.2d 406 (2009), a rape and sex offense case governed by a statute on short form indictments, we "implicitly acknowledge[d] that the indictment must name the victim in some fashion [under the governing statute]." *In re M.S.*, 199 N.C. App. 260, 266, 681 S.E.2d 441, 445 (2009). Although we are not bound by that statute in the case before us, we have held that *McKoy* was consistent with *Scott* by "confirm[ing] that the identity of the victim is still of critical importance in avoiding double jeopardy issues." *Id.*

We are bound by the reasoning of our Supreme Court in *Scott* that clearly requires that "the name of the person against whom the offense was directed be stated with exactitude." *Scott*, 237 N.C. at 433, 75 S.E.2d at 155. We cannot hold that "employees of the Huddle House located at 1538 NC Highway 67, Jonesville, North Carolina [on 5 October 1996]" was sufficient; specifically naming a victim of the attempted armed robbery was required. By failing to do so, the indictment for attempted armed robbery was fatally defective and the trial court had no jurisdiction to enter judgment.

## C. Remedy

Defendant "requests this Court to vacate his conviction for attempted armed robbery." However, our Supreme Court has held that a "[d]efendant cannot repudiate [a plea agreement] in part without repudiating the whole." *State v. Rico*, 218 N.C. App. 109, 122, 720 S.E.2d 801, 809 (Steelman, J., dissenting), *rev'd for reasons stated in dissent*, 366 N.C. 327, 734 S.E.2d 571 (2012); *see also State v. Pless*, 249 N.C. App. 668, 791 S.E.2d 869 (2016). Here, Defendant pleaded guilty to a reduced charge of second-degree murder, attempted armed robbery, and conspiracy to commit armed robbery with a consolidated sentence. Defendant was to be sentenced to 120 to 153 months on the second-degree murder with "[t]he remaining charges . . . to be consolidated for judgment into the second[-]degree murder charge with no additional time." By successfully having us vacate the judgment for attempted armed robbery, which was part of Defendant's plea agreement, we are obliged to vacate the whole plea agreement. The parties can agree to a new plea agreement below or the State may seek a new indictment for attempted armed robbery and/or proceed to trial "on the charges contained in the indictments." *State v. Green*, 831 S.E.2d 611, 618 (N.C. Ct. App. 2019); *see also State v. Abbott,* 217 N.C. App. 614, 619, 720 S.E.2d 437, 441 (2011).

## CONCLUSION

We reverse the trial court's order concluding that "there are no fatal defects in the indictments," as Defendant's indictment for attempted armed robbery must have named a victim to be valid. The indictment was fatally defective in not doing so, and we must vacate the judgment based upon it. Since we are setting aside a judgment that was entered pursuant to a plea agreement, we vacate the entirety of the plea agreement and remand the entire case back to Yadkin County Superior Court.

REVERSED, VACATED, AND REMANDED.


Judge STROUD concurs.

Judge BRYANT dissents with a separate opinion.

No. 19-595 – State v. Oldroyd

BRYANT, Judge, dissenting.

The majority holds that the indictment charging defendant with attempted armed robbery with a dangerous weapon requires the name of at least one victim of the attempted robbery. Where this indictment refers to a specific group of people—the "employees of the Huddle House" or "Huddle House employees"—I believe the description of the victims is sufficient. Thus, I respectfully dissent.

"A bill of indictment is legally sufficient if it charges the substance of the offense and puts the defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated." *State v. Ingram*, 160 N.C. App. 224, 225, 585 S.E.2d 253, 255 (2003) (citation omitted). As stated above, common law robbery, statutory armed robbery, and attempted armed robbery are crimes against the person. "Common law robbery[] . . . is the felonious taking of money or goods of any value from the person of another, or in his presence, against his will, by violence or putting him in fear. It is a crime against the person, effectuated by violence or intimidation." *State v. Mann*, 317 N.C. 164, 172 345 S.E.2d 365, 370 (1986) (citations omitted).

The majority, quoting our Supreme Court's opinion in *State v. Sturdivant*, 304 N.C. 293, 283 S.E.2d 719 (1981) (reviewing first-degree rape and kidnapping convictions), states that

> where the subject of a crime is a person, indictments should name that person "to identify clearly the crime being charged, thereby putting the accused on reasonable notice

> to defend against it and prepare for trial, and to protect the accused from being jeopardized by the State more than once for the same crime."

*Id.* at 311, 283 S.E.2d at 731 (citing *State v. Gregory*, 223 N.C. 415, 27 S.E. 2d 140 (1943)); *see also State v. Scott*, 237 N.C. 432, 433–34, 75 S.E.2d 154, 155 (1953) ("The purpose of setting forth the name of the person who is the subject on which an offense is committed is to identify the particular fact or transaction on which the indictment is founded, so that the accused may have the benefit of one acquittal or conviction if accused a second time." (citation omitted)).

With respect to indictments charging a defendant with armed robbery, our Supreme Court has reasoned that

> *it is not necessary that ownership of the property be laid in a particular person* in order to allege and prove armed robbery. The gist of the offense of robbery is the taking by force or putting in fear. An indictment for robbery will not fail if the description of the property is sufficient to show it to be the subject of robbery and negates the idea that the accused was taking his own property.

*State v. Spillars*, 280 N.C. 341, 345, 185 S.E.2d 881, 884 (1972) (citing *State v. Rogers*, 273 N.C. 208, 159 S.E.2d 525; *State v. Guffey*, 265 N.C. 331, 144 S.E.2d 14; *State v. Sawyer*, 224 N.C. 61, 29 S.E.2d 34) (emphasis added). In *State v. Burroughs*, 147 N.C. App. 693, 556 S.E.2d 339 (2001), this Court held that

> [w]hile an indictment for robbery (or attempted robbery) with a dangerous weapon need not allege actual legal ownership of property, the indictment must at least name a person who was in charge or in the presence of the

property at the time of the robbery, if not the actual, legal owner. *If the defendant needs further information, he should move for a bill of particulars.*

*Id.* at 696, 556 S.E.2d at 342 (emphasis added) (citation omitted). Later, in *State v. Thompson*, 359 N.C. 77, 604 S.E.2d 850 (2004), addressing an argument challenging the variance between the victim set forth in the indictment and the evidence presented at trial, our Supreme Court provided the following:

> It is well established that an indictment for armed robbery need not allege that the property taken "be laid in a particular person." *State v. Spillars*, 280 N.C. 341, 345, 185 S.E.2d 881, 884 (1972). . . . "The gravamen of the offense is the endangering or threatening of human life by the use or threatened use of firearms or other dangerous weapons in the perpetration of or even in the attempt to perpetrate the crime of robbery." [*State v. Ballard*, 280 N.C. 479, 485, 186 S.E.2d 372, 375 (1972).] "An indictment for robbery will not fail if the description of the property is sufficient to show it to be the subject of robbery and negates the idea that the accused was taking his own property." *Spillars*, 280 N.C. at 345, 185 S.E.2d at 884; *see also State v. Pratt*, 306 N.C. 673, 681, 295 S.E.2d 462, 467 (1982) ("As long as it can be shown defendant was not taking his own property, ownership need not be laid in a particular person to allege and prove robbery"); *State v. Jackson*, 306 N.C. 642, 650–51, 295 S.E.2d 383, 388 (1982) ("As long as the evidence shows the defendant was not taking his own property, ownership is irrelevant. . . . A taking from one having the care, custody or possession of the property is sufficient").

*Id.* at 107–08, 604 S.E.2d at 872.

Here, on 28 January 2013, defendant was indicted for the offense of attempted armed robbery with a dangerous weapon. As stated,

> [t]he jurors for the State upon their oath present that on or about [5 October 1996] . . . in [Yadkin County] . . . the defendant . . . unlawfully, willfully and feloniously did
>
> attempt to steal, take and carry away another's personal property, United States currency, from the person and presence of employees of the Huddle House located at 1538 NC Highway 67, Jonesville, North Carolina. The defendant committed this act by having in possession and with the use and threatened use of a firearm, a 9mm handgun, whereby the life [sic] of the Huddle House employees was [sic] threatened and endangered.

Defendant does not challenge that the description of his "attempt to steal, take and carry away another's personal property, United States currency, from the person and presence of employees of the Huddle House" was sufficient to show the currency to be the subject of robbery and negated the idea that defendant was taking his own property. *See id.* Moreover, I would hold that the description of those persons whose lives were threatened or endangered—the "employees of the Huddle House" or "Huddle House employees"—was sufficient to put "defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated." *Ingram*, 160 N.C. App. at 225, 585 S.E.2d at 255. Should defendant have needed further identification of the alleged victims (such as, in preparation for trial), defendant could have moved for a bill of particulars. *See Burroughs*, 147 N.C. App. at 696, 556 S.E.2d 342. But defendant rather than proceed to trial, defendant entered into a plea agreement with the State.

4

Along with the charged offense of attempted robbery with a dangerous weapon, defendant pled guilty to charges of conspiracy to commit robbery with a dangerous weapon and second-degree murder. Per the terms of defendant's plea agreement

> Defendant is to be sentenced in the mitigated range on the Class B2 offense of second degree murder . . . . The remaining charges of attempted robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon are to be consolidated for judgment into the second degree murder charge *with no additional time.*

(emphasis added). On 2 June 2014, the trial court entered a consolidated judgment in accordance with defendant's plea agreement. Over a year later, defendant filed an MAR in which he raised five grounds for setting aside his conviction, including a lack of jurisdiction. Defendant asserted that

> [t]he True Bill of Indictment for Attempted Robbery with a Dangerous Weapon is fatally flawed, and a defective indictment is a prime example of a trial court's lack of jurisdiction. *State v. Ellis (2005) and State v. Wagner (2002).* The indictment is flawed in that it fails to allege any person whose life might have been threatened or endangered. *State v. Burroughs, (2001), State v. Moore 305 S.E.2d 542 (1983), State v. Setzer 301 S.E.2d 107 (1983), State v. Matthews, 358 N.C. 102, 591 S.E.2d 535 (2004).* The indictment must allege the essential elements of the crime charged, as required by the North Carolina Constitution, Article I, Section 22, and N.C. Gen. Stat. 15-144, and the 5th and 14th Amendments to the U.S. Constitution, *State v. Sturdivant, N.C. 283 S.E.2d 719 (1981), and State v. Crabtree 212 S.E.2d 103 (1975).*

5

On 9 March 2017, the trial court responded by denying defendant's MAR. The MAR hearing court stated that it "finds and concludes as a matter of law there are no fatal defects in the indictments."

On 6 January 2018, defendant submitted a supplemental motion for appropriate relief asserting that

> a defendant at any time after verdict may by a motion for appropriate relief, raise the ground that *evidence is available which was unknown or unavailable to the defendant at the time of trial, which could not with due diligence have been discovered or made available at that time* . . . and which has a direct and material bearing upon the defendant's eligibility for the death penalty or the defendant's guilt or innocence. *A motion based upon such newly discovered evidence must be filed within a reasonable time of its discovery.*

(emphasis added). Defendant then proceeded to re-assert his challenge to the elements of the indictment charging him with the offense of attempted robbery with a dangerous weapon, some three-and-a-half years after entry of his guilty plea. In an order entered 16 July 2018, the MAR hearing court denied defendant's supplemental motion for appropriate relief, in pertinent part, on the basis that the arguments had previously been raised in the original MAR and ruled upon. Despite consistent holdings of our Supreme Court that the property taken or attempted to be taken need not "be laid in a particular person," *Spillars*, 280 N.C. at 345, 185 S.E.2d at 884, and even a variance between the individual named in such an indictment and the evidence established is not fatal to the armed robbery charge, *see Thompson*, 359 N.C.

6

at 107–08, 604 S.E.2d at 872—now, before this Court on certiorari review of the MAR orders, a majority of the panel holds that defendant's 2013 indictment is invalid for failure to name a victim. This, despite that the indictment identifies a specific group of victims whom defendant could have sought the names of by a request for a bill of particulars. *See Burroughs*, 147 N.C. App. at 696, 556 S.E.2d 342. The majority fails to directly support its position with any prior holding of this Court or our Supreme Court. The majority's use of cases involving victims of rape and sexual assault are inapposite. I am unaware of any cases determining that a trial court lacked jurisdiction and reversibly erred in entering judgment pursuant to an indictment that did not include the specific name of victims of an attempted armed robbery but where, as here, the indictment identifies a specific group of employees of a particular business as the victims. Under the majority's reasoning which I think is misguided and not legally supported, defendant's 2014 judgment and commitment on the charges of second-degree murder, attempted robbery with a dangerous weapon, and conspiracy to commit robbery with a dangerous weapon consolidated in accordance with his plea is to be reversed in its entirety.

For the foregoing reasons, I would hold that defendant's indictment for attempted armed robbery with a dangerous weapon contains a sufficient description of the victims, such as to not render the indictment fatally defective, and to support the trial court's jurisdiction to accept defendant's guilty plea. Accordingly, I would

*BRYANT, J., dissenting*

uphold the MAR hearing courts 9 March 2017 and 16 July 2018 orders denying defendant's MAR made on the basis of a fatally defective indictment.