WILLIAM LAWS, Adm'r., &c. *v.* R. F. RYCROFT, and others.

The presumption, under the ordinance of 1865, that a note given for purchases at an administrator's sale in March 1864, payable at twelve months, is solvable in money of the value of Confederate currency, is not rebutted by evidence that at such sale the administrator gave notice that he would receive in payment only such currency as would pay the debts of his intestate, coupled with other evidence, that the creditors would not receive Confederate currency, and that the estate was largely insolvent. In such case the plaintiff is entitled to recover the value of the articles sold.

(*Sowers* v. *Earnhart, ante,* 96, distinguished and approved, and *Garrett* v. *Smith, ante,* 96, cited and approved.)

DEBT, tried before *Watts, J.,* at January Special Term 1870, of WAKE Court.

. The plaintiff declared upon a bond in the ordinary form, given by the defendants for purchases made at a sale by him as administrator, in March 1864, upon a credit of twelve months. It was shown upon the trial, that the plaintiff gave notice, at the sale, that he would receive in payment of the notes only such currency as would pay the debts of his intestate; also that the creditors would not receive Confederate currency, and that the estate was largely insolvent.

The defendants submitted, that they were entitled to show the value in good money, of the articles by them purchased at such sale, and that the plaintiff could recover no more.

His Honor being of this opinion, evidence was introduced to show what that value was.

The plaintiff excepted.

Verdict for the value of the articles; Rule for a new trial, &c.; Judgment, and Appeal by the plaintiff.

*Rogers & Batchelor,* for the appellant.
*Phillips & Battle, contra.*

DICK, J. Experience has shown that statutes changing the well established rules of the common law, give rise to many new and difficult questions. But there are often cir-

cumstances which require such changes, and remedial statutes ought to be liberally construed, so as to effect the purposes for which they were designed.

The contracts and other transactions between our people during the late war, could not be construed and adjusted upon fair and equitable principles, under the strict rules of the common law; and the Convention and Legislature, for the purpose of affording just remedies in such cases, wisely enacted the ordinance of October 18th 1865, and the acts of 1866, chs. 38 and 39.

The contract before us comes fully within the policy established by these remedial statutes. The property sold by the plaintiff brought extravagant prices, and he ought to be satisfied with their value in present currency. By presumption of law, the note sued on was solvable in Confederate currency, and the evidence introduced by the plaintiff did not rebut that presumption. The collateral contract which he seeks to enforce, was not sufficiently definite to take the note out of the operation of said statutes. By the terms of the sale, Confederate or State Treasury notes, or bank bills, would have discharged the note, if the creditors of the estate of the intestate would have taken them in the payment of debts.

In the case of *Sowers* v. *Earnhart*, at this term, there was an express collateral contract, certain in its terms, *i. e.* "to be paid in good money after the war." The note in this case was payable in *currency*, and this word must be interpreted according to the state of facts, and the popular understanding of the term at the time the note was given.

As the presumption created by the statutes was not rebutted by the evidence of the plaintiff, his Honor was right in holding that the value of the property must be estimated by the jury: *Garrett* v. *Smith*, at this term. The judgment in the Court below is affirmed, but the plaintiff must pay the costs of this Court, as he appealed from a judgment in his own favor, of which he had no just right to complain.

Per Curiam.                                    Judgment affirmed.