STATE OF NORTH CAROLINA v. JOHN EDGAR RANKIN

No. 8118SC780

(Filed 19 January 1982)

**Robbery § 2— armed robbery statute—no need to name person in attendance in indictment**

    The armed robbery statute, G.S. 14-87(a), does not require that the name of the person in attendance at a store during a robbery be set out in the bill of indictment. It is only required that, upon trial, the State must prove someone was in attendance.

APPEAL by defendant from *Rousseau, Judge.* Judgment entered 13 March 1981 in Superior Court, GUILFORD County. Heard in the Court of Appeals 8 January 1982.

*Attorney General Edmisten, by Assistant Attorney General Henry T. Rosser, for the State.*

*Assistant Appellate Defender Marc D. Towler for defendant.*

MARTIN (Harry C.), Judge.

Defendant was charged and convicted of armed robbery under the following bill of indictment:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 30 day of November, 1980, in Guildford County John Edgar Rankin unlawfully and wilfully did feloniously having in possession and with the use and threatened use of a certain (dangerous weapon) (firearm) to wit: a gun, whereby the life of Gerald Durham was endangered and threatened, did commit an assault upon and put in bodily fear the said Gerald Durham and by means aforesaid and by threats of violence and by violence did unlawfully, wilfully and feloniously take, steal and carry away personal property, to wit: Three Hundred Sixty-Six Dollars in good and lawful United States Currency from the place of business know [sic] as John. Harris t/d/b/a Harris Curb Market, 2602 McConnell Road, Greensboro, North Carolina where, at said time, the said _____ was in attendance, said money and items of value being the property of John Harris t/d/b/a Harris Curb Market, 2602 McConnell Road, Greensboro, North Carolina against the form of the statute in such case made and provided and against the peace and dignity of the State.

Defendant contends the bill is fatally defective because it does not specify the name of the person who was in attendance at the store during the robbery. We reject this contention and hold the bill of indictment to be proper.

The armed robbery statute reads in pertinent part:

Any person or persons who . . . with the use or threatened use of any firearms . . . whereby the life of a person is endangered or threatened, unlawfully takes . . . personal property . . . from any place of business . . . where there is a person or persons in attendance . . . shall be guilty of a Class D felony.

N.C. Gen. Stat. § 14-87(a) (1981).

It is plain from the statute that it is not necessary that the name of the person in attendance be set out in the bill of indictment. It is only required that, upon trial, the state must prove someone was in attendance. The bill in question alleges that the robbery was accomplished by means of an assault upon Gerald Durham with a gun, whereby the life of Gerald Durham was

threatened. The bill is legally sufficient to charge the substance of the offense and puts defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated. *State v. Lowe*, 295 N.C. 596, 247 S.E. 2d 878 (1978). It is sufficient to protect defendant from subsequent prosecution for the same offense. *Id.* Furthermore, the defendant could have obtained the name of the person in attendance if he felt it necessary to prevent surprise at trial or if necessary to prepare his defense. *Id.*; N.C. Gen. Stat. § 15A-925 (1978). A bill is sufficient in form for all purposes if it expresses the charge in a plain, intelligible and explicit manner, and it will not be quashed by reason of any informality. N.C. Gen. Stat. § 15-153 (1978). Evidentiary matters are not required to be alleged. *State v. Palmer*, 293 N.C. 633, 239 S.E. 2d 406 (1977). The bill in question complies with the requirements of N.C.G.S. 15A-924.

No error.

Judges ARNOLD and WELLS concur.