STATE OF NORTH CAROLINA v. JAY EFRAM INGRAM, Defendant

No. COA02-826

(Filed 2 September 2003)

**1. Indictment and Information— name of one victim deleted—no error**

The trial court did not err by allowing the State to delete the name of one of the victims in an armed robbery indictment. The alteration did not change the nature of the offense, prejudice defendant's theory of defense, or change the State's burden of proof.

**2. Evidence— prior conduct—pretending to rob**

The admission of testimony that an armed robbery defendant had pretended to rob his coworkers in the past, in a manner similar to the robbery for which he was charged, was admissible to show motive, opportunity, intent, preparation, plan or knowledge. It was more probative than prejudicial.

**3. Sentencing— aggravating circumstances—position of trust or confidence—former employee**

There was insufficient evidence to find the aggravating circumstance that a robbery defendant abused a position of trust or confidence where the defendant was a former employee who had not worked for the victim for six months.

Judge ELMORE dissenting in part and concurring in part.

Appeal by defendant from judgment entered 28 March 2002 by Judge Orlando F. Hudson in Superior Court, Alamance County. Heard in the Court of Appeals 20 May 2003.

*Attorney General Roy Cooper, by Assistant Attorney General W. Wallace Finlator, Jr., for the State.*

*Duncan B. McCormick for the defendant-appellant.*

WYNN, Judge.

From his conviction on the charge of armed robbery, defendant Jay Efram Ingram contends on appeal that the trial court erroneously (I) allowed the state's motion to alter the indictment; (II) overruled his objection to a series of questions regarding prior statements and

behavior; and (III) found as an aggravating sentencing factor that he took advantage of a position of trust or confidence. After review, we find no error.

At about 11:00 p.m. on 23 May 2001, two men stole the day's receipts from a fast-food restaurant in Burlington. The incident occurred after two employees, Sandra Goodman and Stephonia Berger, closed the store. The record shows that one of the robbers (later identified as defendant) approached Ms. Goodman in her car, placed a gun to her head and took two deposit bags containing the day's receipts. The other robber, however, approached Berger in a different car and took a plastic bag containing clothes. Both women identified defendant as a former employee of the restaurant and one of the robbers.

The grand jury returned a true bill of indictment which stated *inter alia*,

> the Defendant named above unlawfully, willfully and feloniously did steal, take and carry away and attempt to steal, take and carry away another's personal property, U.S. CURRENCY of the value of OVER $1,000, from the presence, person, place of business and residence of SANDRA GOODMAN AND STEPHONIA BERGER.

At the close of its trial evidence, the State moved to delete Stephonia Berger's name from the indictment. The trial court granted the motion, and the jury returned a verdict finding sheet finding "THE DEFENDANT JAY EFRAM INGRAM TO BE . . . GUILTY OF ARMED ROBBERY (SANDRA GOODMAN)."

Thereafter, the trial court found aggravating and mitigating factors, determined the aggravating factors outweighed the mitigating factors, and sentenced defendant to a term of 80 months to 105 months imprisonment. Defendant appeals.

[1] Defendant first contends the indictment's alteration, striking the second victim's name, substantially altered the charge set forth in the indictment in violation of N.C. Gen. Stat. § 15A-923(e) (2001). We disagree.

A bill of indictment is legally sufficient if it charges the substance of the offense and puts the defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated. *State v. Rankin*, 55 N.C. App. 478, 480, 286 S.E.2d 119, 120 (1982). N.C. Gen. Stat. § 15A-923(e)

states a bill of indictment may not be amended. However, our Supreme Court has interpreted this provision as prohibiting indictment amendments which substantially alter the charge set forth in the indictment. *See State v. Kamtsiklis,* 94 N.C. App. 250, 255, 380 S.E.2d 400, 402 (1989).

In this case, defendant was indicted for robbery with a dangerous weapon, in violation of N.C. Gen. Stat. § 14-87 (2001) which requires proof of the following elements: (1) the unlawful taking or an attempt to take personal property from the person or in the presence of another (2) by use or threatened use of a firearm or other dangerous weapon (3) whereby the life of a person is endangered or threatened. *State v. Beaty,* 306 N.C. 491, 293 S.E.2d 760, 760, *overruled on other grounds by State v. White,* 322 N.C. 506, 369 S.E.2d 813 (1982). "In respect of armed robbery as defined in G.S. 14-87, force or intimidation occasioned by the use or threatened use of firearms, is the main element of the offense. Variance between the allegations of the indictment and the proof in respect of the ownership of the property taken is not material. In an indictment for robbery, the allegations of ownership of the property taken is sufficient when it negatives the idea that the accused was taking his own property. The gravamen of the offense is the endangering or threatening of human life by the use or threatened use of firearms or other dangerous weapons in the perpetration of or even in the attempt to perpetrate the crime of robbery." *Id.* at 499, 293 S.E.2d at 766.

In this case, the trial court allowed the indictment to be altered by deleting Ms. Berger's name as a victim, leaving Ms. Goodman's name as the sole alleged victim. This deletion did not change the degree or nature of the offense charged. Indeed, before and after the amendment, the defendant was on notice that he had to defend against a charge of robbery with a dangerous weapon. Moreover, it did not prejudice the defendant's theory of defense. He contended he had an alibi for the time at which the robbery occurred and therefore he could not have been one of the perpetrators. Finally, the deletion did not change the State's burden of proof. Indeed, defendant's guilt of robbery of a dangerous weapon would have been established with proof beyond a reasonable doubt that he robbed either Ms. Goodman or Ms. Berger—the State was not required to prove both individuals had been robbed by defendant. *See State v. Montgomery,* 331 N.C. 559, 569, 417 S.E.2d 742, 747 (1992) (stating "the use of a conjunctive in [a robbery with a dangerous weapon] indictment does not require the State to prove various alternative matters alleged").

**[2]** Defendant next contends the trial court erroneously allowed testimony regarding whether defendant ever jokingly scared other employees, his former coworkers, by pretending to rob them in a manner similar to that used by the robber on the night of the robbery because such testimony was irrelevant and prejudicial. We disagree.

During direct examination of State's witness Stephonia Berger, the following testimony was admitted after defendant's objection:

Q: How would the defendant, I'm sorry, how would Mr. Ingram joke around after work some nights?

A: Well, some nights when we would come out, he would run from behind the building and jump out and holler, "Aiee," you know, trying to scare us.

Q: Compare that, the location where he would run out from when he was joking around, the location where these two gentleman came out and robbed you guys that night. Was it the same location?

A: It was the same location.

[t.p.58]

Under North Carolina Rule of Evidence 404(b), testimony tending to show proof of motive, opportunity, intent, preparation, plan, or knowledge is admissible. N.C. Gen. Stat. § 8C-1, Rule 404 (2001). The line of questioning at issue tended to make such a showing, and was more relevant and probative than unduly prejudicial.

**[3]** In his final argument, defendant contends the trial court erred in finding the aggravating factor that "defendant took advantage of a position of trust or confidence to commit the offense", determining the aggravating factors outweighed any mitigating factors, and sentencing defendant in the aggravated range. We agree.

Initially, we note that there is no case law which supports the contention that there is an abuse of a position of trust by a former employee who had not worked for the victim company for six months. Defendant had worked at the restaurant's location for approximately a year, and had not worked there for five or six months prior to the robbery. (D.brief p.9) Although he was working at another restaurant's location, he was no longer in any relationship of trust or confidence with the restaurant that was robbed in the instant case. Under the facts of this case, we hold that the evidence was insuffi-

cient to establish as an aggravating factor that a relationship of trust existed between defendant and his former employer. The aggravating factor at issue was inappropriate in this case.

For the foregoing reasons, we affirm the judgment below and remand for re-sentencing.

No error in part, remanded for resentencing.

Judge McCULLOUGH concurs.

Judge ELMORE concurs in part and dissents in part.

ELMORE, Judge, dissenting in part, concurring in part.

The majority upholds the defendant's robbery conviction holding that the State could amend the indictment by deleting the name of one of the two named victims. From this conclusion I respectfully dissent.

It is well established that "a valid bill of indictment is essential to the jurisdiction of the trial court to try an accused for a felony." *State v. Sturdivant*, 304 N.C. 293, 308, 283 S.E.2d 719, 729 (1981). Our General Statutes state that "[a] bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2001). This has been interpreted by North Carolina case law to mean that "an indictment may not be amended in a way which 'would substantially alter the charge set forth in the indictment.' " *State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994) (citation omitted).

The issue is whether the amendment which omitted one of the two victims named in the conjunctive substantially altered the charge set forth in the indictment. The majority holds that the burden of proof did not change, and that the amendment was appropriate. I respectfully disagree.

Where an indictment charges the defendant with a crime against someone other than the actual victim, such a variance is fatal. *State v. Bell*, 270 N.C. 25, 153 S.E.2d 741 (1967). In *Bell*, the indictment charged defendant with the robbery of Jean Rogers, whereas the evidence showed the correct name of the victim was Susan Rogers. The Court held that the defendant's motion for nonsuit should have been allowed as to the indictment on the ground that the indictment was in variance with the evidence. *Bell*, 270 N.C. at 29, 153 S.E.2d at 745. In

*State v. Overman,* 257 N.C. 464, 125 S.E.2d 920 (1962), the indictment charged that Frank E. Nutley, rather than Frank E. Hatley, was victim of a hit-and-run accident. Because the indictment required the State to prove injury to someone other than the true victim, the Court held a fatal variance existed. *Id.* at 468, 125 S.E.2d at 924. *See State v. Harper,* 64 N.C. 100, 102 (1870) ("A variance or omission in the name of the person injured is more serious than a variance in the name of the defendant . . . ."). *But see State v. Bailey,* 97 N.C. App. 472, 389 S.E.2d 131 (1990) (change in indictment which stated victim's name as Pettress Cebron to correctly reflect the victim's name as Cebron Pettress was not a prohibited amendment).

I conclude from this line of cases that the identity of the victim is a substantial element of the indictment, and that a change in the victim's identity is a substantial change, which change is prohibited by section 15A-923(e) of the General Statutes. In the case at bar, the indictment was amended from including two individual victims to including only one. In addition, the amendment was made at the close of the State's evidence, well into the case and after the jury had been initially read the original indictment by the trial court and listened to the evidence with both victims in mind. This constitutes a substantial change which our law does not permit.

The trial transcript indicates that the State and the trial court were trying to bring the indictment into conformity with *State v. Lyons,* 330 N.C. 298, 412 S.E.2d 308 (1991), which held that disjunctive jury instructions using "and/or" between the victims names were fatally ambiguous and required a new trial when the indictment had used the conjunctive "and" between the names. The *Lyons* case established the rule that when a disjunctive jury instruction is given, which allows the jury to find a defendant guilty of either of two underlying acts each of which is in itself a separate offense, the instruction is fatally ambiguous because it is impossible to determine whether the jury unanimously found that the defendant committed one particular offense.

In the present case, however, the original indictment named two victims using the conjunctive "and", not the disjunctive "and/or." It follows that under the original indictment the State would have to prove that the defendant robbed from *both* of the named victims, Sandra Goodman *and* Stephonia Berger. The indictment was not ambiguous. After the amendment, the State's burden was reduced to proving that the defendant robbed Sandra Goodman only.

The majority relies on *State v. Montgomery*, 331 N.C. 559, 417 S.E.2d 742 (1992), which does say that a conjunctive in the indictment does not require the State to prove both, in that case person and presence of the victim. This case is distinguishable because the conjunctive charges the defendant with a crime against two individuals. While in a well-worded indictment this would usually be two separate charges, when the State decided to charge both in one, I believe they must then carry the burden as to both to satisfy the charge. Lessening the State's burden from two victims to one is a substantial alteration.

Because the amendment was in error and that error necessarily prejudiced the verdict given by the jury, I would vacate the judgment of the trial court. I concur in the other aspects of the majority opinion.