STATE OF NORTH CAROLINA
v.
NELSON BURGES VALENCIA
No. COA07-1367
Court of Appeals of North Carolina
Filed June 17, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Angenette R. Stephenson, for the State.
Irving Joyner for defendant appellant.
McCULLOUGH, Judge.
Defendant appeals from judgment consistent with jury verdict finding him guilty of felony child abuse inflicting serious injury and with his plea of no contest to possession of drug paraphernalia. For the following reasons, we hold that defendant received a trial free of prejudicial error.
Defendant was charged with two counts of felony child abuse inflicting serious bodily injury on A.C. and one count of felony child abuse inflicting serious bodily injury on R.C. The State's evidence tended to show that in April of 2005, five-year-old R.C. lived with her birth mother, Jennie Carrico ("Carrico"), Carrico's boyfriend ("defendant"), and two younger siblings, B.C. and A.C. One day in April of 2005, R.C. was alone, sleeping on her mother's bed, when she was awakened by defendant burning her three times on her stomach with his cigarette. R.C. screamed, and after the third time, she got out of the bed and ran away. The next day, R.C. cried at school because her stomach was still burning and the teacher brought R.C. an ice pack. Carrico treated R.C.'s burns by putting medicine on them.
On 20 July 2005, R.C. and her siblings were removed from the home and placed in foster care. Social worker Lisa Osborne ("Osborne") examined R.C. and took pictures of the marks on R.C.'s stomach. R.C. told Osborne the circular scars were caused by defendant burning her with a cigarette. In her statement to law enforcement, R.C. revealed, "I was lying down on Mom's bed taking a nap and I woke up[.] The burns woke me up. I seen [sic] the cigarette, white with an orange end. I then yelled for Mom." R.C. also told her foster mother, Cheryl Harris, and her adoptive mother, Malett Smith, that the marks on her stomach were burns from defendant's cigarette. At trial, R.C. showed the jury the scars on her abdomen, and the State entered into evidence photographs of the scars. R.C. testified that defendant did not provide care for the younger children, but that he prepared food for the family, and disciplined her.
Carrico testified at trial that defendant, her fiancée, had lived in the home for about one year before the children were removed in July 2005. Carrico stated that defendant took care of the children by buying their clothes, buying food, taking them out to eat, and buying their school supplies. Carrico testified that defendant disciplined R.C. by taking away television privileges. Carrico denied that R.C. had told her about being burned by defendant and speculated that the marks on R.C.'s abdomen had been caused by flea bites, aggravated by a pair of blue jeans. Carrico admitted she had neglected R.C. and that her parental rights to all three of her children were terminated.
Dr. Mary Elizabeth Lyon-Smith, an expert in the area of family practice, testified that she examined R.C. in July of 2005. Dr. Lyon-Smith testified that the marks on R.C.'s stomach were consistent with R.C.'s report that defendant had intentionally burned her with a cigarette three times. Dr. Lyon-Smith characterized R.C.'s scars as intentional "branding mark[s] where the cigarette is placed directly on the skin, then it takes the appearance of the end of the cigarette, which is a circular pattern." Dr. Lyon-Smith testified that cigarette branding marks cause second-degree burns, which blister and leave a scar, that the burns would be painful, and that the burns would take between two and three weeks to heal. Dr. Lyon-Smith did not believe the marks on R.C. were caused by insect bites because the marks on R.C.'s abdomen indicated injury to multiple layers of skin.
At the close of the State's evidence, defendant moved to dismiss all charges. The trial court dismissed the two charges involving A.C.
Defendant testified, through an interpreter, that he had moved in with R.C.'s family in August of 2004. Defendant stated, "I try to be a good father. I never hit her. Never  sometimes I would play with her. I would try to buy things for her for school, her meals, herself." Defendant testified that he disciplined R.C. by taking away television privileges. Defendant also testified that the marks on R.C.'s abdomen were caused by a pair of pants she had worn. Dr. Jack Daniel, an expert in forensic pathology, testified that he had examined photographs of the scars on R.C.'s abdomen and had physically examined R.C. the morning of his trial testimony. Dr. Daniel testified that the possible causes of the scars, included burns, spider bites that had become infected, or a gouge wound. Dr. Daniel admitted that an intentional cigarette burn would leave a round scar.
Defendant renewed his motion to dismiss the remaining charge of felony child abuse inflicting serious bodily injury as to R.C. The trial court denied the motion, but later determined at the jury charge conference that the jury would be instructed on the lesser included offenses of felony child abuse inflicting serious physical injury, defined as misdemeanor child abuse. The jury found defendant guilty of felony child abuse inflicting serious injury. Defendant subsequently entered a plea of no contest to possession of drug paraphernalia. The trial court sentenced defendant to 29 to 44 months' imprisonment.
Defendant first contends the trial court erred by denying his motion to dismiss the charge of felony child abuse against R.C. based on insufficiency of the evidence. In order to survive a motion to dismiss in a criminal action, the trial court must view the evidence in the light most favorable to the State, drawing every reasonable inference in favor of the State. State v. Benson, 331 N.C. 537, 544, 417 S.E.2d 756, 761 (1992). The evidence considered must be "substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994).
Defendant here was indicted for the Class C felony of child abuse inflicting "serious bodily injury" under N.C. Gen. Stat. § 14-318.4(a3) (2007), but was convicted of the lesser, Class E felony of child abuse inflicting "serious physical injury" under § 14-318.4(a). The trial court did not instruct the jury on the greater offense, finding no evidence to support a finding of "serious bodily injury" as defined by statute. Therefore, we need not determine if the State introduced sufficient evidence to support the submission of the Class C felony to the jury.
In order to convict a defendant for felony child abuse, the State must prove (1) the defendant is the parent or caretaker of a child under the age of 16; (2) the defendant "`intentionally inflict[ed] . . . serious physical injury upon or to the child or . . . intentionally committ[ed] an assault upon the child'"; and (3) the abuse inflicted by the defendant resulted in "`serious physical injury.'" State v. Romero, 164 N.C. App. 169, 171, 595S.E.2d 208, 210 (2004) (citation omitted); see N.C. Gen. Stat. § 14-318.4(a) (2007)) . For purposes of this offense, "serious physical injury" is an injury that causes "great pain and suffering." State v. Phillips, 328 N.C. 1, 20, 399 S.E.2d 293, 303 (1991), cert. denied, 501 U.S. 1208, 115 L. Ed. 2d 977 (1991).
Defendant asserts there was insufficient evidence that he was R.C.'s caretaker and that R.C. suffered serious physical injury as a result of the assault. We disagree.
In the present case, the evidence established that while living with Carrico, defendant bought clothes and food for the children. Defendant testified that he tried to be a "good father to R.C.; that he played with R.C., bought things for R.C., and disciplined R.C. by turning off the television. The State also presented evidence that R.C. began to cry after being burned, that R.C. cried at school the next day, that the second-degree burns she suffered would be painful, and that the cigarette branding of her abdomen resulted in visible scars. R.C. showed her abdomen to the jury, thereby allowing the jury to observe the extent of R.C.'s injury. Viewing the evidence in the light most favorable to the State, we conclude that the State presented sufficient evidence to allow a reasonable jury to infer that defendant was R.C.'s caretaker and that R.C. suffered a serious physical injury as a result of the cigarette burns. Accordingly, the trial court did not err in denying defendant's motion to dismiss the charge of felony child abuse of R.C. Defendant also argues there was a fatal variance between the offense charged in the indictment and the evidence presented by the State. We disagree.
"A bill of indictment is legally sufficient if it charges the substance of the offense and puts the defendant on notice that he will be called upon to defend against proof of the manner and means by which the crime was perpetrated." State v. Ingram, 160 N.C. App. 224, 225, 585 S.E.2d 253, 255 (2003) (citations omitted). "Specifically, the indictment must allege all of the essential elements of the crime sought to be charged. `Allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as surplusage.'" State v. Westbrooks, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996) (citations omitted). "`A variance between the criminal offense charged and the offense established by the evidence is in essence a failure of the State to establish the offense charged.'" State v. Langley, 173 N.C. App. 194, 197, 618 S.E.2d 253, 255 (2005) (citation omitted), disc. review denied, 360 N.C. 366, 630 S.E.2d 447 (2006). "`It is only "where the evidence tends to show the commission of an offense not charged in the indictment [that] there is a fatal variance between the allegations and the proof requiring dismissal."`" State v. Poole, 154 N.C. App. 419, 423, 572 S.E.2d 433, 436 (2002) (citations omitted), cert. denied, 356 N.C. 689, 578 S.E.2d 589 (2003).
The indictment in the case before us states, in pertinent part: [D]efendant named above unlawfully, willfully and feloniously did intentionally inflict serious bodily injury, cigarette burns on the stomach area of [R.C.], who was 7 years of age and thus under 16 years of age. At the time the defendant inflicted the injury the defendant was providing care for the child as step-father.
Defendant asserts the State failed to present evidence that he was R.C.'s stepfather and that R.C. sustained bodily injury. The evidence at trial established that defendant provided care for R.C. by buying food, supplies, playing with her and disciplining her. Whether or not defendant was R.C.'s stepfather is not material to defendant providing care to R.C. The allegation that defendant was R.C.'s stepfather was not necessary to the charge of felony child abuse and is therefore mere surplusage in the indictment. Further, as we noted above, the jury was instructed on the lesser-included offense of felony child abuse inflicting serious physical injury and the State presented substantial evidence of the element serious physical injury. This assignment of error is overruled.
No error.
Judges HUNTER and STEELMAN concur.
Report per Rule 30(e).