IN THE COURT OF APPEALS OF NORTH CAROLINA

2021-NCCOA-425

No. COA20-555

Filed 17 August 2021

Sampson County, No. 16CRS052229

STATE OF NORTH CAROLINA

v.

DEMERY BERNARD MCLYMORE

Appeal by Defendant from judgment entered 23 October 2019 by Judge Michael A. Stone in Sampson County Superior Court. Heard in the Court of Appeals 8 June 2021.

*Attorney General Joshua H. Stein, by Assistant Attorney General Matthew Baptiste Holloway, for the State-Appellee.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron Thomas Johnson, for Defendant-Appellant.*

COLLINS, Judge.

¶ 1     Defendant Demery Bernard McLymore appeals from judgment entered upon a jury verdict of guilty of one count of robbery with a dangerous weapon. Defendant argues that the trial court plainly erred by failing to designate in the robbery with a

firearm[1] jury instruction the two individuals named in the indictment as the alleged victims, allowing the jury to convict Defendant of an offense unsupported by the indictment. We discern no error and accordingly, no plain error.

## I. Factual and Procedural Background

¶ 2 On 13 March 2017, Defendant was indicted for robbery with a dangerous weapon; the indictment named Elijah Bryant and Shalik Generette as the victims.[2] After a jury trial, the jury returned its verdict on 23 October 2019, finding Defendant guilty of robbery with a dangerous weapon. That same day, the trial court entered judgment on the verdict and sentenced Defendant to 128-166 months in prison. Defendant gave proper oral notice of appeal in open court.

¶ 3 The evidence presented a trial tended to show the following: On 3 September 2016, around 7:00 PM, Yvette Spinks was walking towards the Sampson Homes housing complex in Clinton, North Carolina. Defendant approached Yvette, pulled out a handgun and waved it towards her, and said, "give me what you've got." Yvette did not have anything on her, and Defendant did not take anything from her.

---

[1] Where an individual is charged with robbery with a dangerous weapon and the alleged dangerous weapon is a firearm, the jury is instructed with North Carolina Pattern Jury Instruction 217.20, robbery with a firearm. Where an individual is charged with robbery with a dangerous weapon, and the alleged dangerous weapon is something other than a firearm, the jury is instructed with North Carolina Pattern Jury Instruction 217.30, robbery with a dangerous weapon – other than a firearm. We will refer to the charge in this case as robbery with a dangerous weapon and the jury instruction as robbery with a firearm.

[2] A second count of robbery with a dangerous weapon naming a different victim was dismissed prior to trial.

¶ 4        Later that evening, at approximately 9:00 PM, Tevin Bryant and Desean McLean stopped at a convenience store in Clinton. Tevin remained in the truck and Desean went inside the store. Defendant approached the truck and asked Tevin for a ride to his girlfriend's residence in the Sampson Homes housing complex. Desean returned to the truck and agreed to give Defendant a ride. Defendant got into the back seat where Desean had a loaded shotgun.

¶ 5        Upon arriving at Sampson Homes, Defendant got out of the truck but claimed that he had lost his pistol somewhere inside the truck. As Tevin and Desean helped Defendant look for his pistol, Defendant grabbed Desean's shotgun from the back seat. Defendant threatened to kill Desean unless Tevin followed him, and Defendant told Tevin to "[s]hut up for I kill you."

¶ 6        Defendant forced Tevin to walk with him. When they approached two boys, Elijah Bryant and Shalik Generette, Defendant stated, "Y'all going to need to stop walking or we going to blow your back out." Defendant told Tevin to search Elijah and Shalik, and stated that he would kill Tevin and the boys if they did not obey. Defendant and Tevin searched the boys' pockets and wrists, and Defendant took approximately $40.00 and a pocketknife from Elijah. After taking the money and knife from Elijah, Defendant and Tevin ran away; the boys ran to a relative's home to call the police.

¶ 7        That same evening, around 11:00 PM, Sergeant Matthew Bland of the Clinton

Police Department arrived at Sampson Homes "in reference to a female being assaulted at that time." Bland discovered that the incident involved Yvette and he "made contact with [Yvette] to find out what had occurred." Bland then saw a man walking away from him at a quick pace while "carrying what appeared to be a shotgun[.]"

¶ 8 Bland's search for the man carrying the shotgun led him to a nearby residence, which he obtained permission to search. Bland found Defendant in one of the bedrooms. When Bland searched Defendant, he found a little more than $32, a pocketknife, a red and gold shotgun shell, a watch, and unspent bullets which could be used in a handgun. A short time later, Bland recovered a pump shotgun from the residence's backyard. Defendant was arrested and taken into custody. A few hours later, in the early morning hours of 4 September 2016, Bland interviewed Elijah and Shalik. Both boys provided descriptions of the man who had held them at gunpoint. Both descriptions matched Defendant.

## II. Discussion

### A. Standard of Review

¶ 9 As a threshold matter, the State argues that Defendant waived his right to all appellate review of the jury instruction because Defendant "did not object at trial to the armed robbery instruction despite at least three opportunities to do so," "consented to the form of the instruction," and "invited the error he complains of[.]"

This argument has been rejected by our appellate courts under similar factual circumstances.

In *State v. Harding*, 258 N.C. App. 306, 813 S.E.2d 254 (2018), "[t]he State argue[d] that defendant [wa]s precluded from plain error review in part under the invited-error doctrine because he failed to object, actively participated in crafting the challenged instruction, and affirmed it was 'fine.'" *Id.* at 311, 813 S.E.2d at 259. Concluding that defendant's argument was reviewable for plain error, this Court explained:

> Even where the "trial court gave [a] defendant numerous opportunities to object to the jury instructions outside the presence of the jury, and each time [the] defendant indicated his satisfaction with the trial court's instructions," our Supreme Court has not found the defendant invited his alleged instructional error but applied plain error review.

*Id.* (citing *State v. Hooks*, 353 N.C. 629, 633, 548 S.E.2d 501, 505 (2001) (alterations in original)).

Similarly, in *State v. Hardy*, 353 N.C. 122, 540 S.E.2d 334 (2000), our North Carolina Supreme Court explained that the defendant

> had ample opportunity to object to the instruction outside the presence of the jury. After excusing the jury to the deliberation room, the trial court asked, "Prior to sending back the verdict sheets does the State wish to point out any errors or omissions from the charge?" The trial court then asked the same of defendant, and defendant responded with respect to other issues but did not object to the

instruction in question. . . . As defendant failed to preserve
this issue by objecting during trial, we will review the
record to determine if the instruction constituted plain
error.

*Id.* at 131, 540 S.E.2d at 342 (citing *State v. Cummings*, 326 N.C. 298, 315, 389 S.E.2d

66, 75 (1990); *State v. Morgan*, 315 N.C. 626, 644, 340 S.E.2d 84, 95 (1986)).

¶ 12        The transcript indicates the following: (1) Defendant replied "Yes, sir[,]" when

the trial court asked if he was satisfied with using the pattern jury instruction for

armed robbery; (2) Defendant replied "No, sir[,]" when the trial court asked if he had

"[a]ny additions, corrections, or deletions to the instructions"; and (3) Defendant

declined to be heard when the trial court determined it would not include the victims'

names when providing the pattern jury instruction.

¶ 13        As in *Harding* and *Hardy*, Defendant had the opportunity to object to the jury

instruction, but he failed to do so.  On appeal, Defendant "specifically and distinctly"

contends the jury instruction amounted to plain error.  N.C. R. App. P. 10(a)(4).  Thus,

we review the record to determine if the instruction constituted plain error.  The plain

error rule

is always to be applied cautiously and only in the
exceptional case where, after reviewing the entire record,
it can be said the claimed error is a "fundamental error,
something so basic, so prejudicial, so lacking in its
elements that justice cannot have been done," or "where
[the error] is grave error which amounts to a denial of a
fundamental right of the accused," or the error has
"'resulted in a miscarriage of justice or in the denial to

appellant of a fair trial'" or where the error is such as to "seriously affect the fairness, integrity or public reputation of judicial proceedings" or where it can be fairly said "the instructional mistake had a probable impact on the jury's finding that the defendant was guilty."

*State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted).

### B. Analysis

¶ 14        Defendant argues that the trial court plainly erred by failing to designate in the jury instruction the two individuals named in the indictment as the alleged victims of the armed robbery, thereby allowing the jury to convict Defendant of an offense unsupported by the indictment. Defendant specifically argues that by failing to designate Elijah and Shalik in the jury instruction, "the jury was free to convict based on the uncharged robbery of Tevin[] and Desean[], or potentially even the attempted robbery of Yvette[]."

¶ 15        Where an indictment for robbery with a dangerous weapon alleges two victims in the conjunctive, the defendant's guilt of the offense would be established with proof beyond a reasonable doubt that he robbed either victim – "the State [is] not required to prove both individuals had been robbed by defendant." *State v. Ingram*, 160 N.C. App. 224, 226, 585 S.E.2d 253, 255 (2003) (citing *State v. Montgomery*, 331 N.C. 559, 569, 417 S.E.2d 742, 747 (1992) (stating "the use of a conjunctive in [a robbery with a dangerous weapon] indictment does not require the State to prove various alternative matters alleged") (alteration in original)).

¶ 16        Here, the trial court instructed the jury on the crime of robbery with a firearm,

consistent with North Carolina Pattern Jury Instruction 217.20, as follows:

> The defendant has been charged with robbery with
> a firearm, which is taking and carrying away the personal
> property of another from his or her person or in his or her
> presence without his or her consent by endangering or
> threatening a person's life with firearm, the taker knowing
> that he was not entitled to take the property, and intending
> to deprive another of its use permanently.  For you to find
> the defendant guilty of this offense, the State must prove
> seven things beyond a reasonable doubt: First, that the
> defendant took property from the person of another or in
> the person's presence.
>
> Second, that the defendant carried away the
> property.
>
> Third, that the person did not voluntarily consent to
> the taking and carrying away of the property.
>
> Fourth, that the defendant knew that the defendant
> was not entitled to take the property.
>
> Fifth, that at the time of taking, the defendant
> intended to deprive that person of its use permanently.
>
> Sixth, that the defendant had a firearm in
> defendant's possession at the time defendant obtained the
> property.
>
> Seventh, that defendant obtained the property by
> endangering or threatening the life of another person with
> the firearm.
>
> If you find from the evidence beyond a reasonable
> doubt that on or about the alleged date the defendant had,
> in defendant's possession, a firearm and took and carried
> away property from the person or presence of a person

> without that person's voluntary consent by endangering or
> threatening another person's life with the use or
> threatened use of a firearm, the defendant knowing that
> the defendant was not entitled to take the property and
> intending to deprive that person of its use permanently, it
> would be your duty to return a verdict of guilty. If you do
> not so find or if you have a reasonable doubt as to one or
> more of any of these things, it would be your duty to return
> a verdict of not guilty.

¶ 17    Both Elijah and Shalik testified at trial. Shalik testified that Defendant and Tevin "placed a gun in [his and Elijah's] chests" while they searched both boys' pockets and wrists. Shalik identified Defendant in court and stated that Defendant had a "black, pump shotgun with red and gold bullets in it" and that he could see the bullets because Defendant cocked the gun and spilled some of the shells onto the ground. As Defendant pointed the gun at the boys and demanded they move to the middle of an alley, he told the boys to strip down to their underwear and he continued to search them.

¶ 18    Elijah's testimony echoed Shalik's. Elijah identified Defendant in court and stated that Defendant came up to him and pointed a black shotgun, containing red and gold bullets, at his head and chest. Elijah testified that Defendant loaded the red and gold shells into the shotgun, before he pointed it at both boys and threatened to kill them. Defendant then made Elijah and Shalik take off their clothes, before taking approximately $40 from Elijah's pockets. Defendant told Tevin "what to do" and made Tevin "start getting the change and stuff out of [Elijah's and Shalik's]

pockets." The State introduced into evidence the shotgun; six unspent shotgun shells; police interviews with Elijah and Shalik, wherein both boys identified the shotgun and shells used during the robbery; and the money taken during the robbery. This evidence was sufficient to support the jury instruction given.

¶ 19          Defendant argues that as a result of the robbery with a firearm instruction given, "the jury was free to convict based on the uncharged robbery of Tevin[] and Desean[]." However, robbery with a firearm has additional elements to those of robbery, and the trial court neither instructed the jury on robbery nor included "guilty of robbery" as a potential verdict on the verdict sheet.

¶ 20          Moreover, the evidence as to Tevin and Desean did not support a verdict of guilty to robbery with a firearm. As the trial court instructed, robbery with a firearm requires "that the defendant had a firearm in defendant's possession at the time defendant obtained the property[,]" and "that defendant obtained the property by endangering or threatening the life of another person with the firearm." The evidence presented at trial did not show that Defendant had Desean's shotgun in Defendant's possession at the time Defendant obtained the shotgun. Moreover, Defendant claimed that he had lost his pistol somewhere inside the truck, and the evidence did not, and could not, show that Defendant had the pistol in his possession at the time Defendant obtained Desean's shotgun or that Defendant threatened the life Tevin and/or Desean with the pistol.

¶ 21        Defendant similarly argues that as a result of the robbery with a firearm instruction given, "the jury was free to convict based on . . . potentially even the attempted robbery of Yvette[]." However, robbery with a firearm has additional elements to those of attempted robbery, and the trial court neither instructed the jury on attempted robbery nor included "guilty of attempted robbery" as a potential verdict on the verdict sheet.

¶ 22        Moreover, the evidence as to Yvette did not support a verdict of guilty to robbery with a firearm. As the trial court instructed, robbery with a firearm requires "that the defendant took property from the person of another or in the person's presence" and "that the defendant carried away the property." The evidence showed that Yvette did not have anything on her and that Defendant did not take anything from her.

¶ 23        The trial court's instruction on robbery with a firearm properly constrained the jury's consideration to the robbery with a dangerous weapon charged in the indictment, comported with the evidence presented at trial, and comported with the verdict sheet presented to the jury. We presume the jury followed the instructions. *State v. Nicholson*, 355 N.C. 1, 60, 558 S.E.2d 109, 148 (2002). Although it is better practice to designate in the robbery with a firearm jury instruction the individual(s) named in the indictment as the alleged victim(s), the trial court did not err in the robbery with a firearm instruction. We need not reach Defendant's argument that

Defendant was prejudiced by the trial court's instructional error.

## III. Conclusion

The trial court did not err, much less plainly err, in its robbery with a firearm jury instruction by not designating the victims named in the indictment as the alleged victims of the armed robbery.

NO ERROR.

Chief Judge STROUD and Judge WOOD concur.