IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-425

 No. COA20-555

 Filed 17 August 2021

 Sampson County, No. 16CRS052229

 STATE OF NORTH CAROLINA

 v.

 DEMERY BERNARD MCLYMORE

 Appeal by Defendant from judgment entered 23 October 2019 by Judge

 Michael A. Stone in Sampson County Superior Court. Heard in the Court of Appeals

 8 June 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Matthew
 Baptiste Holloway, for the State-Appellee.

 Appellate Defender Glenn Gerding, by Assistant Appellate Defender Aaron
 Thomas Johnson, for Defendant-Appellant.

 COLLINS, Judge.

¶1 Defendant Demery Bernard McLymore appeals from judgment entered upon a

 jury verdict of guilty of one count of robbery with a dangerous weapon. Defendant

 argues that the trial court plainly erred by failing to designate in the robbery with a
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 firearm1 jury instruction the two individuals named in the indictment as the alleged

 victims, allowing the jury to convict Defendant of an offense unsupported by the

 indictment. We discern no error and accordingly, no plain error.

 I. Factual and Procedural Background

¶2 On 13 March 2017, Defendant was indicted for robbery with a dangerous

 weapon; the indictment named Elijah Bryant and Shalik Generette as the victims.2

 After a jury trial, the jury returned its verdict on 23 October 2019, finding Defendant

 guilty of robbery with a dangerous weapon. That same day, the trial court entered

 judgment on the verdict and sentenced Defendant to 128-166 months in prison.

 Defendant gave proper oral notice of appeal in open court.

¶3 The evidence presented a trial tended to show the following: On 3 September

 2016, around 7:00 PM, Yvette Spinks was walking towards the Sampson Homes

 housing complex in Clinton, North Carolina. Defendant approached Yvette, pulled

 out a handgun and waved it towards her, and said, “give me what you’ve got.” Yvette

 did not have anything on her, and Defendant did not take anything from her.

 1 Where an individual is charged with robbery with a dangerous weapon and the
 alleged dangerous weapon is a firearm, the jury is instructed with North Carolina Pattern
 Jury Instruction 217.20, robbery with a firearm. Where an individual is charged with robbery
 with a dangerous weapon, and the alleged dangerous weapon is something other than a
 firearm, the jury is instructed with North Carolina Pattern Jury Instruction 217.30, robbery
 with a dangerous weapon – other than a firearm. We will refer to the charge in this case as
 robbery with a dangerous weapon and the jury instruction as robbery with a firearm.
 2 A second count of robbery with a dangerous weapon naming a different victim was

 dismissed prior to trial.
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

¶4 Later that evening, at approximately 9:00 PM, Tevin Bryant and Desean

 McLean stopped at a convenience store in Clinton. Tevin remained in the truck and

 Desean went inside the store. Defendant approached the truck and asked Tevin for

 a ride to his girlfriend’s residence in the Sampson Homes housing complex. Desean

 returned to the truck and agreed to give Defendant a ride. Defendant got into the

 back seat where Desean had a loaded shotgun.

¶5 Upon arriving at Sampson Homes, Defendant got out of the truck but claimed

 that he had lost his pistol somewhere inside the truck. As Tevin and Desean helped

 Defendant look for his pistol, Defendant grabbed Desean’s shotgun from the back

 seat. Defendant threatened to kill Desean unless Tevin followed him, and Defendant

 told Tevin to “[s]hut up for I kill you.”

¶6 Defendant forced Tevin to walk with him. When they approached two boys,

 Elijah Bryant and Shalik Generette, Defendant stated, “Y’all going to need to stop

 walking or we going to blow your back out.” Defendant told Tevin to search Elijah

 and Shalik, and stated that he would kill Tevin and the boys if they did not obey.

 Defendant and Tevin searched the boys’ pockets and wrists, and Defendant took

 approximately $40.00 and a pocketknife from Elijah. After taking the money and

 knife from Elijah, Defendant and Tevin ran away; the boys ran to a relative’s home

 to call the police.

¶7 That same evening, around 11:00 PM, Sergeant Matthew Bland of the Clinton
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 Police Department arrived at Sampson Homes “in reference to a female being

 assaulted at that time.” Bland discovered that the incident involved Yvette and he

 “made contact with [Yvette] to find out what had occurred.” Bland then saw a man

 walking away from him at a quick pace while “carrying what appeared to be a

 shotgun[.]”

¶8 Bland’s search for the man carrying the shotgun led him to a nearby residence,

 which he obtained permission to search. Bland found Defendant in one of the

 bedrooms. When Bland searched Defendant, he found a little more than $32, a

 pocketknife, a red and gold shotgun shell, a watch, and unspent bullets which could

 be used in a handgun. A short time later, Bland recovered a pump shotgun from the

 residence’s backyard. Defendant was arrested and taken into custody. A few hours

 later, in the early morning hours of 4 September 2016, Bland interviewed Elijah and

 Shalik. Both boys provided descriptions of the man who had held them at gunpoint.

 Both descriptions matched Defendant.

 II. Discussion

 A. Standard of Review

¶9 As a threshold matter, the State argues that Defendant waived his right to all

 appellate review of the jury instruction because Defendant “did not object at trial to

 the armed robbery instruction despite at least three opportunities to do so,”

 “consented to the form of the instruction,” and “invited the error he complains of[.]”
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 This argument has been rejected by our appellate courts under similar factual

 circumstances.

¶ 10 In State v. Harding, 258 N.C. App. 306, 813 S.E.2d 254 (2018), “[t]he State

 argue[d] that defendant [wa]s precluded from plain error review in part under the

 invited-error doctrine because he failed to object, actively participated in crafting the

 challenged instruction, and affirmed it was ‘fine.’” Id. at 311, 813 S.E.2d at 259.

 Concluding that defendant’s argument was reviewable for plain error, this Court

 explained:

 Even where the “trial court gave [a] defendant numerous
 opportunities to object to the jury instructions outside the
 presence of the jury, and each time [the] defendant
 indicated his satisfaction with the trial court’s
 instructions,” our Supreme Court has not found the
 defendant invited his alleged instructional error but
 applied plain error review.

 Id. (citing State v. Hooks, 353 N.C. 629, 633, 548 S.E.2d 501, 505 (2001) (alterations

 in original)).

¶ 11 Similarly, in State v. Hardy, 353 N.C. 122, 540 S.E.2d 334 (2000), our North

 Carolina Supreme Court explained that the defendant

 had ample opportunity to object to the instruction outside
 the presence of the jury. After excusing the jury to the
 deliberation room, the trial court asked, “Prior to sending
 back the verdict sheets does the State wish to point out any
 errors or omissions from the charge?” The trial court then
 asked the same of defendant, and defendant responded
 with respect to other issues but did not object to the
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 instruction in question. . . . As defendant failed to preserve
 this issue by objecting during trial, we will review the
 record to determine if the instruction constituted plain
 error.

 Id. at 131, 540 S.E.2d at 342 (citing State v. Cummings, 326 N.C. 298, 315, 389 S.E.2d

 66, 75 (1990); State v. Morgan, 315 N.C. 626, 644, 340 S.E.2d 84, 95 (1986)).

¶ 12 The transcript indicates the following: (1) Defendant replied “Yes, sir[,]” when

 the trial court asked if he was satisfied with using the pattern jury instruction for

 armed robbery; (2) Defendant replied “No, sir[,]” when the trial court asked if he had

 “[a]ny additions, corrections, or deletions to the instructions”; and (3) Defendant

 declined to be heard when the trial court determined it would not include the victims’

 names when providing the pattern jury instruction.

¶ 13 As in Harding and Hardy, Defendant had the opportunity to object to the jury

 instruction, but he failed to do so. On appeal, Defendant “specifically and distinctly”

 contends the jury instruction amounted to plain error. N.C. R. App. P. 10(a)(4). Thus,

 we review the record to determine if the instruction constituted plain error. The plain

 error rule

 is always to be applied cautiously and only in the
 exceptional case where, after reviewing the entire record,
 it can be said the claimed error is a “fundamental error,
 something so basic, so prejudicial, so lacking in its
 elements that justice cannot have been done,” or “where
 [the error] is grave error which amounts to a denial of a
 fundamental right of the accused,” or the error has
 “‘resulted in a miscarriage of justice or in the denial to
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 appellant of a fair trial’” or where the error is such as to
 “seriously affect the fairness, integrity or public reputation
 of judicial proceedings” or where it can be fairly said “the
 instructional mistake had a probable impact on the jury’s
 finding that the defendant was guilty.”

 State v. Odom, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (citation omitted).

 B. Analysis

¶ 14 Defendant argues that the trial court plainly erred by failing to designate in

 the jury instruction the two individuals named in the indictment as the alleged

 victims of the armed robbery, thereby allowing the jury to convict Defendant of an

 offense unsupported by the indictment. Defendant specifically argues that by failing

 to designate Elijah and Shalik in the jury instruction, “the jury was free to convict

 based on the uncharged robbery of Tevin[] and Desean[], or potentially even the

 attempted robbery of Yvette[].”

¶ 15 Where an indictment for robbery with a dangerous weapon alleges two victims

 in the conjunctive, the defendant’s guilt of the offense would be established with proof

 beyond a reasonable doubt that he robbed either victim – “the State [is] not required

 to prove both individuals had been robbed by defendant.” State v. Ingram, 160 N.C.

 App. 224, 226, 585 S.E.2d 253, 255 (2003) (citing State v. Montgomery, 331 N.C. 559,

 569, 417 S.E.2d 742, 747 (1992) (stating “the use of a conjunctive in [a robbery with

 a dangerous weapon] indictment does not require the State to prove various

 alternative matters alleged”) (alteration in original)).
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

¶ 16 Here, the trial court instructed the jury on the crime of robbery with a firearm,

 consistent with North Carolina Pattern Jury Instruction 217.20, as follows:

 The defendant has been charged with robbery with
 a firearm, which is taking and carrying away the personal
 property of another from his or her person or in his or her
 presence without his or her consent by endangering or
 threatening a person’s life with firearm, the taker knowing
 that he was not entitled to take the property, and intending
 to deprive another of its use permanently. For you to find
 the defendant guilty of this offense, the State must prove
 seven things beyond a reasonable doubt: First, that the
 defendant took property from the person of another or in
 the person’s presence.

 Second, that the defendant carried away the
 property.

 Third, that the person did not voluntarily consent to
 the taking and carrying away of the property.

 Fourth, that the defendant knew that the defendant
 was not entitled to take the property.

 Fifth, that at the time of taking, the defendant
 intended to deprive that person of its use permanently.

 Sixth, that the defendant had a firearm in
 defendant’s possession at the time defendant obtained the
 property.

 Seventh, that defendant obtained the property by
 endangering or threatening the life of another person with
 the firearm.

 If you find from the evidence beyond a reasonable
 doubt that on or about the alleged date the defendant had,
 in defendant’s possession, a firearm and took and carried
 away property from the person or presence of a person
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 without that person’s voluntary consent by endangering or
 threatening another person’s life with the use or
 threatened use of a firearm, the defendant knowing that
 the defendant was not entitled to take the property and
 intending to deprive that person of its use permanently, it
 would be your duty to return a verdict of guilty. If you do
 not so find or if you have a reasonable doubt as to one or
 more of any of these things, it would be your duty to return
 a verdict of not guilty.

¶ 17 Both Elijah and Shalik testified at trial. Shalik testified that Defendant and

 Tevin “placed a gun in [his and Elijah’s] chests” while they searched both boys’

 pockets and wrists. Shalik identified Defendant in court and stated that Defendant

 had a “black, pump shotgun with red and gold bullets in it” and that he could see the

 bullets because Defendant cocked the gun and spilled some of the shells onto the

 ground. As Defendant pointed the gun at the boys and demanded they move to the

 middle of an alley, he told the boys to strip down to their underwear and he continued

 to search them.

¶ 18 Elijah’s testimony echoed Shalik’s. Elijah identified Defendant in court and

 stated that Defendant came up to him and pointed a black shotgun, containing red

 and gold bullets, at his head and chest. Elijah testified that Defendant loaded the

 red and gold shells into the shotgun, before he pointed it at both boys and threatened

 to kill them. Defendant then made Elijah and Shalik take off their clothes, before

 taking approximately $40 from Elijah’s pockets. Defendant told Tevin “what to do”

 and made Tevin “start getting the change and stuff out of [Elijah’s and Shalik’s]
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 pockets.” The State introduced into evidence the shotgun; six unspent shotgun shells;

 police interviews with Elijah and Shalik, wherein both boys identified the shotgun

 and shells used during the robbery; and the money taken during the robbery. This

 evidence was sufficient to support the jury instruction given.

¶ 19 Defendant argues that as a result of the robbery with a firearm instruction

 given, “the jury was free to convict based on the uncharged robbery of Tevin[] and

 Desean[].” However, robbery with a firearm has additional elements to those of

 robbery, and the trial court neither instructed the jury on robbery nor included “guilty

 of robbery” as a potential verdict on the verdict sheet.

¶ 20 Moreover, the evidence as to Tevin and Desean did not support a verdict of

 guilty to robbery with a firearm. As the trial court instructed, robbery with a firearm

 requires “that the defendant had a firearm in defendant’s possession at the time

 defendant obtained the property[,]” and “that defendant obtained the property by

 endangering or threatening the life of another person with the firearm.” The evidence

 presented at trial did not show that Defendant had Desean’s shotgun in Defendant’s

 possession at the time Defendant obtained the shotgun. Moreover, Defendant

 claimed that he had lost his pistol somewhere inside the truck, and the evidence did

 not, and could not, show that Defendant had the pistol in his possession at the time

 Defendant obtained Desean’s shotgun or that Defendant threatened the life Tevin

 and/or Desean with the pistol.
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

¶ 21 Defendant similarly argues that as a result of the robbery with a firearm

 instruction given, “the jury was free to convict based on . . . potentially even the

 attempted robbery of Yvette[].” However, robbery with a firearm has additional

 elements to those of attempted robbery, and the trial court neither instructed the jury

 on attempted robbery nor included “guilty of attempted robbery” as a potential verdict

 on the verdict sheet.

¶ 22 Moreover, the evidence as to Yvette did not support a verdict of guilty to

 robbery with a firearm. As the trial court instructed, robbery with a firearm requires

 “that the defendant took property from the person of another or in the person’s

 presence” and “that the defendant carried away the property.” The evidence showed

 that Yvette did not have anything on her and that Defendant did not take anything

 from her.

¶ 23 The trial court’s instruction on robbery with a firearm properly constrained the

 jury’s consideration to the robbery with a dangerous weapon charged in the

 indictment, comported with the evidence presented at trial, and comported with the

 verdict sheet presented to the jury. We presume the jury followed the instructions.

 State v. Nicholson, 355 N.C. 1, 60, 558 S.E.2d 109, 148 (2002). Although it is better

 practice to designate in the robbery with a firearm jury instruction the individual(s)

 named in the indictment as the alleged victim(s), the trial court did not err in the

 robbery with a firearm instruction. We need not reach Defendant’s argument that
 STATE V. MCLYMORE

 2021-NCCOA-425

 Opinion of the Court

 Defendant was prejudiced by the trial court’s instructional error.

 III. Conclusion

¶ 24 The trial court did not err, much less plainly err, in its robbery with a firearm

 jury instruction by not designating the victims named in the indictment as the alleged

 victims of the armed robbery.

 NO ERROR.

 Chief Judge STROUD and Judge WOOD concur.